**TEXAS STATE DEPARTMENT OF HUMAN RESOURCES, Appellant,**

v.

**SILVER THREADS COMPANY, Appellee.**

**No. 12765.**

Court of Civil Appeals of Texas, Austin.

July 12, 1978.

Rehearing Denied Aug. 2, 1978.

**50**

John L. Hill, Atty. Gen., C. J. Carl, Asst. Atty. Gen., Austin, for appellant.

Andrew L. Jefferson, Jr., Jefferson & Maley, Houston, for appellee.

PHILLIPS, Chief Justice.

Appellee is the operator of Silver Threads Nursing Home in Houston, Texas. It was a vendor of nursing home services to Medicaid recipients through a contract with the Texas Department of Public Welfare, pursuant to the Medical Assistance Act of 1967, Art. 695j–1, V.C.S. (Acts 1967, 60th Leg., ch. 151, p. 310).

In July of 1976, the Commissioner of the Department notified appellee that the contract was being canceled and terminated because of an alleged violation of Article I, Section H, of the contract.

On September 16 and 17, 1976, a hearing was conducted by the Department's Contract Appeals Committee upon appellee's request. This hearing was held to determine whether there were grounds for the cancellation of the contract.

The committee made its decision in October, 1976, and concluded that the contract had been breached and that just cause existed for the cancellation. A petition for rehearing was denied. Subsequently, appellee filed a petition for judicial review in the district court of Travis County.

Pursuant to trial before the court, the court reversed the decision of the appeals committee of the Department of Public Welfare [1] and rendered judgment for appellee.

We reverse the judgment of the trial court and herewith render judgment reinstating the order of the Commissioner.

I.

The contract committee of the Department which heard the evidence and made the determination in question consisted of four persons, each sitting as the designated representative for the four departmental officials who compose the regular committee membership pursuant to the rules of the Department.

The decision of the Contract Appeals Committee was based upon its finding that

---

1. Now designated as the Texas Department of Human Resources.

the nursing home did not promptly notify the Department on occasions when seven different patients were discharged from the nursing home, thus violating Article I, Section H, of the contract.

■ Appellant is before this Court on several points of error, its first being the error of the court in overruling its plea in abatement based on the State's contention that Section 9A of Art. 695j–1, V.C.S., precludes judicial review, thus establishing the State's inherent immunity from suit.

The 65th Legislature amended the Texas Medical Assistance Act of 1967, Art. 695j–1, V.C.S., by adding Section 9A, the pertinent part being as follows:

"Any person, association, or corporation contracting with the State Department of Public Welfare to provide medical assistance under this Act may request a hearing upon receipt of notice from the Department of the intended cancellation of the contract by the Department. The Department shall promulgate rules and regulations to provide for reasonable notice to such contractors of its decision to cancel a contract and to allow the contractors an opportunity for a hearing. Said rules and regulations shall be consistent with the Administrative Procedure and Texas Register Act (Article 6252–13a, V.T.C.S.) and the hearing shall be held under the contested case provisions thereof, including those for judicial review . . . " (Acts 1977, 65th Leg., ch. 156, p. 325).

In our judgment Section 9A authorizes judicial review of the decisions of the Department of Public Welfare concerning contracts entered into for medical assistance after a proper hearing has been held relative thereto.

We cannot agree with appellant's contention that Section 9A quoted above refers to the judicial review and contested cases, or Section 19, of the Administrative Procedure and Texas Register Act solely in reference to the manner in which the hearing shall be held under Article 695j–1, § 9A, and does not in any way authorize judicial review of the decision emanating from that hearing. We agree that the phrasing of the statute is somewhat unclear; however, Sec. 19 of Article 6252–13a referred to in § 9A of Article 695j–1 is concerned with: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this Act. This section is cumulative of other means of redress provided by statute."[2] The remaining portion of Section 19 details the manner of securing judicial review in the district court of Travis County, Texas. Consequently, to construe § 9A of Article 695j–1 as appellant would have us do is entirely unwarranted.

■ Our construction also comports with the long settled law of this State that where a vested property right has been affected by the action of an administrative agency, thereby involving the protection of due process of law, there is an inherent right of appeal. *Chemical Bank & Trust Co. v. Falkner,* 369 S.W.2d 427 (Tex.1963); *Brazosport Savings & Loan Association v. American Savings and Loan Association,* 161 Tex. 543, 342 S.W.2d 747 (1961); *City of Amarillo v. Hancock,* 150 Tex. 231, 239 S.W.2d 788 (1951). In our judgment appellee's right to a valuable contract constitutes a vested property right.

II.

Article I, Section H, of the contract between appellee and the Department contains the following provisions:

" . . . In addition to promptly informing the Department of any change of ownership, the facility will promptly inform the Department when individuals receiving any type of assistance from the Department enter and leave the facility and will promptly inform the Department of any change in its license to operate issued by the State Department of Health . . . "

**2.** Section 19(a), Article 6252–13a, V.C.S.

Pursuant to the hearing described above, the Contract Appeals Committee of the Department issued an order stating that on July 25, 1976, the Department gave notice in writing to appellant that the contract was being canceled because of breach of the terms of Article I, Paragraph H, requiring that the facility (appellee nursing home) promptly notify the Department when individuals could under the Title XIX Program enter or leave the facility. The order finds that in nine separate instances appellee failed to notify the Department of Medicaid recipients being discharged and leaving the nursing home up to and until April 22, 1976.

The trial court held that these findings by the Commissioner were not supported by substantial evidence.[3] We disagree.

The procedure for notifying the Department that a patient has been discharged is as follows: A Form 618 is sent the nursing home in each instance of discharge. This form comprises three copies—a white copy sent to the Department, a yellow copy sent to the Department's regional office, and a pink copy is retained by the nursing home.

In six of the cases under review, the only evidence that the Department was promptly notified of the discharge was furnished by the introduction of the pink form which did show, for the purposes of this opinion, that the patients had been discharged and the dates on these pink slips could be said to show prompt compliance with the Commissioner's directive. The Commissioner, on the other hand, contended that it was many months later when the Commission was made aware of the discharges in question.

Able counsel for appellee strove valiantly to prove that the counterparts to these pink slips had either been lost or misplaced by an inept bureaucracy. However, we must conclude that reasonable minds, under the evidence adduced before the Commissioner, could well have concluded otherwise. *Trapp v. Shell Oil Co.,* 145 Tex. 323, 198 S.W.2d 424 (1946); *Railroad Commission v.*

*Shell Oil Co.,* 139 Tex. 66, 161 S.W.2d 1022 (1942); *Consolidated Edison v. N. L. R. B.,* 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

### III.

Appellee asserts, and the court so found, that under the administrative rules of the Department any one of the commissioners, if unable to serve, may appoint a designee to serve on the committee in his place; that no such designation was made for those members of the Contract Appeals Committee who actually heard the case.

We cannot agree with this contention either. The order stating the decision of the Contract Appeals Committee specifically sets out the names of the members thereof, and further states that they were sitting as designees of the various commissioners of the Department also named in the order.

We reverse the judgment of the trial court and render judgment reinstating the Commissioner's order.

Reversed and Rendered.

---

**3.** At trial appellee objected to the court's announcement that the case would be tried under the substantial evidence rule. The objection was overruled. As there is no point before this Court assigning error to that ruling, we will review the case under that standard.