Cassie BLAIR, Appellant,

v.

**TEXAS DEPARTMENT OF HUMAN SERVICES, et al., Appellees.**

No. 3-91-299-CV.

Court of Appeals of Texas, Austin.

June 24, 1992.

Rehearing Overruled Nov. 4, 1992.

Fred Fuchs, Legal Aid Soc. of Cent. Texas, Austin, for appellant.

Dan Morales, Atty. Gen., Edwin N. Horne, Asst. Atty. Gen., Austin, for appellees.

Before CARROLL, C.J., and ABOUSSIE and BEA ANN SMITH, JJ.

CARROLL, Chief Justice.

This cause involves the jurisdiction of the Texas courts to review decisions of the Texas Department of Human Services (DHS) regarding eligibility for Medicaid nursing-home benefits. Because we conclude that the DHS eligibility-review proce-

dures provide Medicaid applicants with due process of law, we will affirm the trial court judgment dismissing this appeal for lack of jurisdiction.

## BACKGROUND

Cassie Blair applied to DHS for Medicaid nursing-home benefits in November 1989. DHS found that Blair was ineligible to receive benefits for December 1989 and January 1990 because her assets exceeded the benefit-eligibility limits, but determined that she was eligible for benefits beginning February 1990. Blair appealed the eligibility determination and DHS upheld its decision following a so-called "fair hearing" review within the agency.

Blair then filed suit in Travis County Court at Law, asserting that the Department and the hearing officer had erroneously denied her Medicaid benefits for the two months at issue. Specifically, Blair contended that DHS incorrectly calculated her assets because DHS (1) failed to classify a savings account as a burial account, and (2) failed to treat a transfer of a certificate of deposit to her son as an uncompensated transfer. On DHS's special exceptions, the trial court dismissed the suit for lack of jurisdiction. Blair now challenges that dismissal.

## DISCUSSION

In a single point of error, Blair argues that the trial court erred in dismissing her suit because the courts have an inherent right to review DHS decisions denying public benefits.

Blair and DHS agree that the Texas Legislature has specifically precluded judicial review of agency administrative decisions involving the granting or denying of welfare benefits. *See* Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 21(b) (Supp.1992). Blair argues that she nonetheless has an inher-

ent right to judicial review in this cause because Medicaid benefits are a vested property right and Texas courts may exercise judicial review where an agency action adversely affects a vested property right. She concedes that she was afforded adequate procedural due process within the administrative agency.

DHS defines Blair's right as *a constitutional right to the protection of procedural due process* and urges this Court to focus on whether DHS's hearing process is constitutionally sufficient, absent judicial review, to satisfy this right. According to DHS, this Court need not determine whether welfare benefits constitute a vested property right because, however the courts characterize these benefits, the DHS appeals process provides due process to welfare applicants and recipients. We agree.

■ The Texas Constitution states that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by due course of the law of the land." Tex. Const. art. I, § 19.[1] A person has a constitutionally protected interest in a benefit if he has a legitimate claim of entitlement to it. *Armstrong v. Harris County*, 669 S.W.2d 323, 327 (Tex.App. 1983, writ ref'd n.r.e.). The process afforded does not depend upon whether the applicant or recipient's property interest is "vested." We believe that distinction is of no legal consequence if the administrative hearing process affords adequate due process.

■ Due process does not require judicial review of an administrative decision. *Crawford v. City of Houston*, 600 S.W.2d 891, 894–95 (Tex.Civ.App.1980, writ ref'd n.r.e.). A person may receive due process of law although the tribunal exercising jurisdiction over rights or privileges protected

---

1. The Due Process clause of the Fourteenth Amendment commands that no state shall deprive any person of life, liberty, or property without due process of law. U.S. Const. amend XIV, § 1. The phrases "due course of law" and "due process of law" cover the same concept and are typically referred to as the due process clauses of the state and federal constitutions.

George D. Braden, The Constitution of the State of Texas: An Annotated and Comparative Analysis, 68 (1977). Whatever the United States Supreme Court determines is a denial of due process is binding upon the Texas courts, although Texas courts are free to go *beyond* Fourteenth Amendment requirements. *Id.* at 68–69.

by the due process clause is an administrative one. *See Francisco v. Board of Dental Examiners*, 149 S.W.2d 619, 622 (Tex. Civ.App.1941, writ ref'd). Thus, we agree with appellee that this Court should focus on whether the DHS fair hearing process afforded Blair her right to procedural due process under the Constitution.

Federal law supports our decision to focus on the due process afforded by the DHS fair-hearing procedure. Under federal cases analyzing entitlement to benefits, once a person shows that he has a legitimate claim of entitlement sufficient to create a property interest, the court must next determine what process will protect that interest. *See Matthews v. Eldridge*, 424 U.S. 319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976); *Goldberg v. Kelly*, 397 U.S. 254, 262–63, 90 S.Ct. 1011, 1017–18, 25 L.Ed.2d 287 (1970); *Johnston v. Shaw*, 556 F.Supp. 406, 413 (N.D.Tex.1982).

A Medicaid applicant who seeks review of a DHS eligibility decision may do so by requesting a "fair hearing." *See* Tex. Dep't of Human Services, 40 Tex.Admin.Code § 79.1102(A)(i) (West 1989 & Supp.1992). DHS contends that its fair-hearing procedure provided Blair with all of the due process that is constitutionally required. We agree.

The Administrative Code states that DHS must inform all benefit applicants aggrieved by a DHS decision of their right to a fair hearing. *Id.* § 79.1202(a). In addition to informing the applicant of the right to appeal, the DHS worker must explain the appeal procedure and the right to representation, and must also inform the applicant about legal services available in the community. *Id.* The applicant then has ninety days from the date of the decision to file an appeal. *Id.* § 179.1207(a). During the fair-hearing proceeding, the applicant has a right to: examine documents, records, and any other evidence to be used at the fair hearing procedure; present the case personally or with the aid of a representative, including counsel; bring witnesses; present evidence; establish pertinent facts and circumstances; and confront and cross-examine adverse witnesses. *Id.* § 79.1302(a).

The Supreme Court has held in the context of social welfare that due process is a flexible concept which requires procedural protection suited to the particular situation. *See Matthews*, 424 U.S. at 334, 96 S.Ct. at 902; *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). In *Matthews*, the Supreme Court identified three interests the courts must consider in determining what process is due in a given situation:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail.

424 U.S. at 335, 96 S.Ct. at 903.

We recognize that Blair has a considerable private interest in receiving Medicaid nursing-home benefits. However, we believe DHS's fair-hearing procedures, which comport with the due process requirements set out in *Goldberg*, 397 U.S. at 267–271, 90 S.Ct. at 1020–22,[2] satisfy the due process requirements of the state and federal constitutions. Judicial review would provide only minimal additional protection to Medicaid applicants at a potentially enormous cost to the government.

## DISPOSITION

Because we believe the DHS fair hearing afforded Blair her right to due process

---

**2.** In *Goldberg,* the Court established a right to an "evidentiary hearing" before terminating welfare benefits and held that the hearing must include the following elements: (1) timely and adequate notice detailing the reasons for a proposed termination; (2) an effective opportunity to defend by confronting any adverse witnesses and by presenting arguments and evidence orally; (3) retained counsel, if desired; (4) an impartial decisionmaker; (5) a decision resting "solely on the legal rules and evidence adduced at the hearing"; and (6) a statement of the reasons for the decision and the evidence relied upon. 397 U.S. at 266–71, 90 S.Ct. at 1019–22.

under art. I, § 19 of the Texas Constitution, we conclude that Blair has no statutory or constitutional right to judicial review of the DHS decision denying her Medicaid benefits. Accordingly, we overrule her point of error, and affirm the trial court judgment dismissing this suit for lack of jurisdiction.