## CONTINENTAL CASUALTY INSURANCE COMPANY, Appellant,

v.

## FUNCTIONAL RESTORATION ASSOCIATES; Texas Workers' Compensation Commission; and Productive Rehabilitation Institute of Dallas for Ergonomics, Appellees.

No. 03–97–00103–CV.

Court of Appeals of Texas, Austin.

March 12, 1998.

Rehearing Overruled April 9, 1998.

---

Jane Stone O'Neil, Wilson Grosenheider Moore & Jacobs, L.L.P., for Appellant.

John D. Pringle, Law Offices of John D. Pringle, Austin, for Functional & Productive.

Dan Morales, Atty. Gen., Dewey E. Helmcamp, III, Asst. Atty. Gen., Administrative Law Division, Austin, for Texas Worker's.

Before CARROLL, C.J., and JONES and KIDD, JJ.

JONES, Justice.

Appellant Continental Casualty Insurance Company ("Continental") sued appellees Functional Restoration Associates ("FRA"), Productive Rehabilitation Institute of Dallas for Ergonomics ("PRIDE"), and the Texas Workers' Compensation Commission ("Commission") seeking judicial review of the Commission's decision in a medical-benefits dispute. The trial court dismissed the suit on the Commission's plea to the jurisdiction. On appeal, Continental challenges the dismissal, asserting both statutory and inherent bases for jurisdiction.[1] We will reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 20, 1992, James Hood was injured while in the course of his employment with Baylor Health Care. At that time, Continental was the workers' compensation insurance carrier for Baylor Health Care. Hood sought and received medical treatment for his injuries from FRA and PRIDE. Continental denied requests by FRA and PRIDE for preauthorization, and a medical-payment dispute was subsequently filed with the Commission's Division of Medical Review ("DMR"). *See* Tex. Lab.Code Ann. § 413.031(a) (West 1996) ("Labor Code"). After reviewing the medical service provided, the DMR concluded that the treatment by FRA and PRIDE for Hood's injuries was appropriate and that Continental, as the employer's carrier, was liable for the cost of his health care in the amount of $13,670.61 for PRIDE and $2,421.78 for FRA. Continental then requested a hearing pursuant to Labor Code § 413.031(d) to review the DMR decision. The result of that hearing was an affirmance of the DMR decision that Continental was liable for the cost of the medical treatment provided by FRA and PRIDE. Continental then sought review in a Travis County district court, asserting that the Commission's decision was not supported by substantial evidence and was arbitrary and capricious. The Commission filed a plea to the jurisdiction asserting that the Labor Code did not provide for judicial review of

---

1. FRA and PRIDE, although technically appellees, agree with Continental that the trial court erred in dismissing this cause for want of jurisdiction.

DMR decisions. The trial court granted the plea and dismissed the suit, which Continental, FRA, and PRIDE now challenge.

## DISCUSSION

The Commission is required to maintain a division of medical review to monitor compliance with rules relating to health care, including medical policies and fee guidelines. Labor Code § 413.002. A health care provider is entitled to review by the DMR if the provider is denied payment or authorization for medical services rendered or to be rendered. Labor Code § 413.031(a); *see* §§ 408.021, .027. If the dispute remains unresolved after the DMR decision, a party to the dispute is entitled to a hearing.[2] Labor Code § 413.031(d). The review hearing is conducted "in the manner provided for a contested case under Chapter 2001, Government Code (the administrative procedure law [sic])." *Id.* The question presented here is whether a party to a review hearing has a right to have a court review the decision resulting from that hearing.

### I. Statutory Right to Judicial Review

In its first point of error, Continental asserts that the trial court erred in failing to find a *statutory* grant of judicial review of DMR decisions. No right of judicial review of agency action exists unless a statute provides for such review, the action violates a constitutional right, or the action adversely affects a vested property right. *Stone v. Texas Liquor Control Bd.*, 417 S.W.2d 385, 386 (Tex.1967). Legislative consent for suit must be by "clear and unambiguous language." *Federal Sign v. Texas Southern Univ.*, 951 S.W.2d 401, 405 (Tex.1997). Because this Court has already held that the Administrative Procedure Act, Tex. Gov't Code Ann. ch. 2001 (West 1998), does not itself grant a right of judicial review, Continental must identify another statutory source for that entitlement. *See Southwest Airlines Co. v. Texas High–Speed Rail Auth.*, 867

S.W.2d 154, 158 (Tex.App.—Austin 1993, writ denied).

Continental contends that Labor Code § 410.251 grants judicial review of the Commission's decisions in medical-benefits disputes. In that section, however, the legislature granted a right of judicial review only to parties who have exhausted their administrative remedies and are "aggrieved by a final decision of the appeals panel."[3] Labor Code § 410.251. But the Labor Code does not provide for—and Continental does not assert that it has requested or received—review of the DMR decision by an appeals panel. Continental asks us instead to treat the language referring to a decision of the appeals panel as merely duplicative of the exhaustion requirement. However, this Court does not, if possible, treat any statutory language as surplusage. *See Chevron Corp. v. Redmon*, 745 S.W.2d 314, 316 (Tex. 1987). We conclude, therefore, that section 410.251, which grants judicial review of appeals-panel decisions, does not grant judicial review of the DMR decision in the present case.

The legislature expressly created an entitlement to judicial review for several issues in which no appeals-panel decision is involved. First, for disputes that involve decisions of the director of the Commission concerning security deposits required for employers who desire to self-insure for workers' compensation, "a party aggrieved by a decision of the director is entitled to judicial review." Labor Code § 407.066(b). Second, for disputes concerning findings of the Commission concerning designation as an extra-hazardous employer, an employer may request a hearing to contest such findings, and "[t]he hearing shall be conducted ... in the manner provided for a contested case under Chapter 2001, Government Code (the administrative procedure law) *and is subject to judicial review as provided by that chapter.*" Labor Code § 411.049(b)

---

2. Since January 1, 1996, hearings reviewing DMR decisions have been held by the State Office of Administrative Hearings. Labor Code § 413.031(d). Before then, as in the present case, such hearings were conducted by the Commission's Division of Hearings.

3. An "appeals panel" is a panel of three administrative "appeals judges" authorized to review some decisions of the Commission and its hearing officers. *See* Labor Code §§ 410.201–.256.

(emphasis added). Third, for disputes that concern administrative violations, a charged party may request a hearing, and any decision resulting from that hearing "is subject to judicial review in the manner provided for judicial review under Chapter 2001, Government Code." Labor Code §§ 415.034, .035. In sum, the Legislature explicitly created a right to judicial review for self-insurance security deposits, extrahazardous employer designation, and administrative violations. However, there is no language in the chapter on medical review (chapter 413) or elsewhere that expressly grants judicial review of DMR decisions. Although not conclusive, the axiom that express inclusion of one thing is tantamount to express exclusion of all others for purposes of statutory construction weighs against finding a statutory grant of judicial review of DMR decisions. *See Johnson v. Second Injury Fund*, 688 S.W.2d 107, 108 (Tex.1985); *State v. Mauritz–Wells Co.*, 141 Tex. 634, 175 S.W.2d 238, 241 (1943).

Although an express grant of judicial review is generally required, this Court has occasionally found judicial review to be necessarily implied by statutory language that would otherwise be meaningless without such an implication. *See Beyer v. Employees Retirement Sys.*, 808 S.W.2d 622, 626 (Tex. App.—Austin 1991, writ denied); *Texas State Dep't of Human Resources v. Silver Threads Co.*, 569 S.W.2d 49, 51 (Tex.Civ.App.—Austin 1978, writ ref'd n.r.e.). The appeal in *Beyer* concerned a decision made by State Board of Trustees for the Employees Retirement System of Texas. *Beyer*, 808 S.W.2d at 624. The relevant statute in *Beyer* did not explicitly grant a right to judicial review, but did state that "on appeal of a decision made by the trustee ... the standard of review is by substantial evidence." *Id.* at 625. This Court concluded that in declaring the standard of review to be applied, the statute "authorized by necessary implication a suit for judicial review" because the expression of the standard of review would otherwise be meaningless. *Id.* at 626. This is consistent with the principle that courts generally give effect to all words in a statute and, if possible, do not treat any statutory language as

surplusage. *Chevron Corp.*, 745 S.W.2d at 316.

On a similar theory, Continental asserts that a right to judicial review of DMR decisions is implied by Labor Code § 410.255, which states:

> (a) For all issues other than those covered under Section 410.301(a), judicial review shall be conducted in the manner provided for judicial review of a contested case under Subchapter G, Chapter 2001, Government Code.
>
> (b) Judicial review conducted under this section is governed by the substantial evidence rule.

Labor Code § 410.255. Section 410.301(a) covers Commission appeals-panel decisions regarding compensability or eligibility for or the amount of income or death benefits. Therefore, since the issues in DMR decisions are not covered under section 410.301(a), an appeal from a DMR decision, if permitted, would fall under section 410.255. Continental suggests that, just as the declaration of the standard of judicial review discussed in *Beyer* implied a right to judicial review, section 410.255 likewise implies a right of judicial review of DMR decisions. Unlike the statute in *Beyer*, however, section 410.255 is not rendered meaningless absent judicial review of a DMR decision. Disputes concerning self-insurance security deposits, extrahazardous employer designation, and administrative violations are governed by section 410.255 and, as discussed above, the legislature explicitly created the right to judicial review of these issues. Because judicial review in these types of disputes falls within section 410.255, that section can reasonably be read as stating only the *manner* in which judicial review is to be conducted in those cases for which judicial review is expressly provided elsewhere. Therefore, section 410.255 does not necessarily imply a right to judicial review of DMR decisions. Accordingly, judicial review of DMR decisions is neither explicitly granted nor necessarily implied by statute. Point of error one is overruled.

## II. Inherent Right to Judicial Review

 In its second point of error, Continental asserts that it has an *inherent* right to judicial review of this DMR decision. When a vested property right is affected by the action of an administrative agency, the affected party has an inherent right of appeal invoking due process of law. *Chemical Bank & Trust Co. v. Falkner,* 369 S.W.2d 427, 433 (Tex.1963); *Brazosport Sav. and Loan Ass'n v. American Sav. and Loan Ass'n,* 161 Tex. 543, 342 S.W.2d 747, 750 (1961); *Bohannan v. Texas Bd. of Criminal Justice,* 942 S.W.2d 113, 118 (Tex.App.—Austin 1997, writ denied); *Silver Threads,* 569 S.W.2d at 51; *English Freight Co. v. Knox,* 180 S.W.2d 633, 640–41 (Tex.Civ.App.—Austin 1944, writ ref'd w.o.m.); *see* U.S. Const. amend. XIV; Tex. Const. art. I, § 19.[4]

In *Brazosport Savings,* the Texas Supreme Court decided that chartered savings and loan associations have a property interest in their state-granted franchises, such that government action affecting those franchises was inherently subject to review under both the federal and Texas Constitutions. 342 S.W.2d at 750–51. The court concluded that such associations were "entitled to an opportunity to prove their allegations that the Commissioner's action was illegal or without support in substantial evidence." *Id.* at 752. In *Chemical Bank,* the court held that a chartered bank has a property interest in its state-granted charter. 369 S.W.2d at 433. The court concluded that to afford due process of law, a court could properly consider whether a governmental decision affecting Chemical Bank's property interest was illegal, arbitrary, or unreasonable, or was unsupported by substantial evidence. *Id.* In yet another case, the Texas Supreme Court determined that a widow's claims to the deceased's pension benefit constituted a property right. *Board of Firemen's Relief and Retirement Fund Trustees of Texarkana v. Hamilton,* 386 S.W.2d 754, 755 (Tex.1965).

The court found that the widow had an inherent right to appeal a denial of benefits under the Texas and United States Constitutions and remanded the cause to the trial court. *Id.* In *Silver Threads,* this Court decided a nursing-home operator that was a vendor of nursing home services through a contract with the Texas Department of Public Welfare had a vested property right in that contract.[5] 569 S.W.2d at 51. We then considered (and reversed) the district court's conclusion that the agency decision was not supported by substantial evidence. *Id.* at 52.

In several cases from this Court cited by the Commission, we simply found no vested property right to have been involved. *See S.C. San Antonio, Inc. v. Texas Dep't of Human Servs.,* 891 S.W.2d 773, 778 (Tex. App.—Austin 1995, writ denied) (no vested property right in receiving governmental program funds that were contingent on comparing appellant-hospital's level of services to indigent patients with that provided by other hospitals); *Southwest Airlines Co. v. Texas High-Speed Rail Auth.,* 867 S.W.2d 154, 160 (Tex.App.—Austin 1993, writ denied) (no vested property right merely because one is granted party status in an agency hearing); *Pickell v. Brooks,* 846 S.W.2d 421, 426–27 (Tex.App.—Austin 1992, writ denied) (no vested property right in receiving supervisory credit as long as appellant maintained her current job); *see also Blair v. Texas Dep't of Human Servs.,* 837 S.W.2d 670, 671–72 (Tex. App.—Austin 1992, writ denied) (assuming without deciding that vested property right was involved with welfare benefits, appellant had been afforded due process).

 In the present case, we must first identify the affected interest. A person's property interests include actual ownership of real estate, chattels, and money. *See Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 572, 92 S.Ct. 2701, 2706–07, 33

---

4. While the Texas Constitution refers to "due course of the law" rather than "due process of law," these terms are without meaningful distinction. *University of Tex. Med. Sch. v. Than,* 901 S.W.2d 926, 929 (Tex.1995). Though not precisely defined, the Texas due course provision requires *at least* the protections of the federal provisions. *See Texas Workers' Compensation*

*Comm'n v. Garcia,* 893 S.W.2d 504, 525 (Tex. 1995).

5. The court also concluded that a statutory right of judicial review existed, albeit in a less-than-clear statute; thus, the inherent right of review essentially served as an alternative basis for review. *Silver Threads,* 569 S.W.2d at 51.

L.Ed.2d 548 (1972). The property interest at issue in this case involves the money that the Commission's hearing officer ordered Continental to pay FRA and PRIDE. It is self-evident that a party has a vested property right in his own money. *Cf. Brewer v. Collins,* 857 S.W.2d 819, 823 (Tex.App.—Houston [1st Dist.] 1993, no writ) (state's seizure of funds in inmate's trust fund constituted interference with property interest).

■ Because the hearing officer's decision affected Continental's vested property interests, we must determine the appropriate scope of judicial review. The Commission contends that even if there is an inherent right of judicial review because the decision affects Continental's property interests, any such review must be restricted to whether the affected party received due process of law, not a "bootstrapped" judicial review of the merits of the decision. *See S.C. San Antonio,* 891 S.W.2d at 778; *Blair,* 837 S.W.2d at 671. We agree that an inherent right of judicial review does not invoke a de novo review of the merits of the decision. However, both federal and state constitutional provisions require not only procedural due process but substantive due process as well. *Barshop v. Medina County Underground Water Conservation Dist.,* 925 S.W.2d 618, 632 (Tex.1996); *Texas Workers' Compensation Comm'n v. Garcia,* 893 S.W.2d 504, 525–26 (Tex.1995); *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137, 140 (Tex.1977).

■ Substantive due process demands that government action not be arbitrary, unreasonable, or capricious and that the means utilized by the state have a real and substantial relation to the object sought to be obtained. *See City of Coleman v. Rhone,* 222 S.W.2d 646, 649 (Tex.Civ.App.—Eastland 1949, writ ref'd); *Chandler v. Jorge A. Gutierrez, P.C.,* 906 S.W.2d 195, 202 (Tex.App.—Austin 1995, writ denied). Consequently, in reviewing whether a person has been afforded due process, a district court has jurisdiction to determine whether the government action was arbitrary or capricious. In the present case, Continental's original petition did not request a "bootstrapped" de novo review of the merits of the case presented to the hearing officer, but rather requested that the court determine whether the hearing officer's decision was (1) supported by substantial evidence and (2) arbitrary and capricious. Decisions that are not supported by substantial evidence are deemed arbitrary and capricious. *See Public Util. Comm'n v. Gulf States Util. Co.,* 809 S.W.2d 201, 211 (Tex.1991); *Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446, 452 (Tex.1984). Continental's allegations thus express "two sides of the same coin." *See Charter Medical,* 665 S.W.2d at 454. Because examining the two sides of this coin is within the scope of a due-process review, it is within the jurisdiction of the district court to conduct such a review in this case. Point of error two is sustained.

■ Nonetheless, the Commission argues that the dismissal should be affirmed because Continental did not timely file its original petition with the district court and the Commission. The Labor Code requires that a "copy of the petition be simultaneously filed with the court and the commission." Labor Code § 410.253. The Commission asserts that Continental did not meet this requirement because there was a six-day gap between the filing with the court and the later filing with the Commission. We disagree. Both this Court and the San Antonio Court of Appeals have construed the simultaneity requirement in section 410.253 to mean that petitions filed with the court and Commission must both be filed before the deadline for filing, but not necessarily on the same day. *See Benavidez v. Travelers Indem. Co.,* 960 S.W.2d 422, 424 (Tex.App.—Austin 1998, no pet. h.); *Planet Ins. Co. v. Serrano,* 936 S.W.2d 35, 37–38 (Tex.App.—San Antonio 1996, no writ).

The parties disagree as to whether this case is governed by the APA's thirty-day filing deadline, *see* Tex. Gov't Code Ann. § 2001.176 (West 1998), or by the Labor Code's forty-day deadline, *see* Labor Code § 410.252. Regardless of which, if either, statutory requirement applies here, there would be no bar. If the APA applies, there is no requirement that the filing with the court and the Commission be simultaneous and thus the problem disappears. If, on the

other hand, the Labor Code provisions apply, both filings occurred within the forty-day deadline. We reject the Commission's attempt to merge the APA's thirty-day deadline and the Labor Code's simultaneity requirement.

## CONCLUSION

Having sustained Continental's second point of error, we reverse the judgment of dismissal and remand the cause to the trial court for further proceedings.

CARROLL, C.J., not participating.