TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00545-CV






American Home Assurance Co., Appellant



v.



Texas Workers' Compensation Commission and Christopher D. Huebner, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 99-14827, HONORABLE CHARLES F. CAMPBELL, JUDGE PRESIDING 






 After the State Office of Administrative Hearings ("SOAH") preauthorized
treatment to Christopher Huebner in a medical benefits dispute, American Home Assurance Co.
("American") sought judicial review of the administrative order by filing an action against the
Texas Workers' Compensation Commission ("the Commission") and Huebner in district court. (1) 
American appeals from a district court order granting the Commission's plea to the jurisdiction. 
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2001). In two issues, American
argues that it was entitled to judicial review arising from an inherent right based on due process
under the United States and Texas Constitutions (2) and a statutory right, namely, section 2001.171
of the Administrative Procedure Act ("the APA"). Tex. Gov't Code Ann. § 2001.171 (West
2000). We reverse the district court judgment granting the Commission's plea to the jurisdiction.


Factual and Procedural Background

 On December 9, 1996, Huebner was exposed to and inhaled vaporized chemicals
while on the job. (3) Huebner later developed a medical condition known as chronic inflammatory
demyelinating polyneuropathy. Huebner alleges that he discovered his injury on May 23, 1997. 

In a matter presently pending in district court, American has contested Huebner's claim of a
compensable injury.

 The Center for Immune Environmental & Toxic Disorders requested pre-authorization from American to provide Huebner with weekly intravenous gamma globulin
treatment for twelve weeks. After American refused to preauthorize such treatments, the Center
filed a request with the Medical Review Division of the Commission for medical dispute
resolution. The Medical Review Division ordered Huebner to undergo a medical examination
with an independent physician who was chosen by the Commission. Because the independent
physician disagreed with the Center's recommended course of treatment, the Medical Review
Division did not order preauthorization of Huebner's treatments. Huebner appealed the Medical
Review Division's decision to SOAH. The administrative law judge reversed the Medical Review
Division's decision and ordered preauthorization of the treatments. 

 Seeking judicial review of this order, American filed suit in district court. The
Commission raised its plea to the jurisdiction in its first amended answer, arguing that American
had no inherent or statutory right to judicial review. After the supreme court issued its opinion
in Continental Casualty Insurance Co. v. Functional Restoration Associates, American amended
its petition. 19 S.W.3d 393 (Tex. 2000). The district court granted the Commission's plea to the
jurisdiction. American appeals the district court judgment.


Standard of Review

 A plea to the jurisdiction challenges the district court's authority to determine the
subject matter of the cause of action. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 
2000); City of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750, 752 (Tex. App.--Austin 1998, no
pet.). Subject matter jurisdiction raises a question of law, which we review de novo. See Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).

 The plaintiff bears the burden of pleading facts that show the district court has
subject matter jurisdiction. Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446
(Tex. 1993). We examine a plaintiff's good faith factual allegations to determine whether the
district court has jurisdiction. See Bland Indep. Sch. Dist., 34 S.W.3d at 554; Brannon v. Pacific
Employers Ins. Co., 224 S.W.2d 466, 469 (Tex. 1949). Unless the face of the petition
affirmatively demonstrates a lack of jurisdiction, the district court must liberally construe the
allegations in the petition in favor of the plaintiff and in favor of jurisdiction. Texas Ass'n of
Bus., 852 S.W.2d at 446; Peek v. Equipment Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989). We
must therefore determine whether American pleaded facts sufficient to allege that the district court
had jurisdiction to review the administrative order.


DISCUSSION


 Under Texas law, a plaintiff may seek judicial review of an administrative order
in the following three instances: (1) a statute expressly provides for judicial review, (2) the order
adversely affects a vested property right, or (3) the order violates some other constitutional right. 
Continental Cas. Ins. Co., 19 S.W.3d at 397; Stone v. Texas Liquor Control Bd., 417 S.W.2d
385, 385-86 (Tex. 1967).

 In its first issue, American argues that it was entitled to judicial review based on
its inherent right to due process under the United States and Texas Constitutions. See U.S. Const.
amend. XIV, § 1; Tex. Const. art. I, § 19. (4) Specifically, American contends that the
administrative order from SOAH requires American to pay for Huebner's treatments. American
concludes that, because the order adversely affects its property interest in the monies owed for
the preauthorized medical treatments, it has an inherent right to judicial review based on due
process.

 Relying in part on Chemical Bank & Trust Co. v. Falkner, 369 S.W.2d 427, 433
(Tex. 1963) and Brazosport Savings & Loan Ass'n v. American Savings & Loan Ass'n, 342
S.W.2d 747, 750 (Tex. 1961), this Court has previously stated that when some action by an
administrative agency affects a vested property right, the affected party may invoke an inherent
right of judicial review. Continental Cas. Ins. Co. v. Functional Restoration Assocs., 964 S.W.2d
776, 779 (Tex. App.--Austin 1998), rev'd on other grounds, 19 S.W.3d 393 (Tex. 2000). For a
property right to vest, the supreme court has reasoned, "It must have become a title, legal or
equitable, to the present or future enjoyment of property, or to the present or future enforcement
of a demand, or a legal exemption from the demand of another." National Carloading Corp. v.
Phoenix-El Paso Express, Inc., 176 S.W.2d 564, 570 (Tex. 1943).

 In Continental Casualty, this Court examined whether a vested property interest
existed in "the money that the Commission's hearing officer ordered Continental to pay . . . [the
defendants]." Continental Cas. Ins. Co., 964 S.W.2d at 782. We concluded that the hearing
officer's decision, which affirmed an administrative order authorizing medical treatment, did
affect a vested property interest. Id.

 In this case, an administrative order from SOAH preauthorized Huebner's
treatments. Section 413.014(b) of the Texas Workers' Compensation Act states, "The insurance
carrier is not liable for those specified treatments and services unless preauthorization is sought
by the claimant or health care provider and either obtained from the insurance carrier or ordered
by the commission." Tex. Lab. Code Ann. § 413.014(b) (West 1996). Like the order in
Continental Casualty, the administrative order here imposed liability on American for the costs
of Huebner's medical treatments. Given the procedural posture of this case, which prevents us
from reaching the merits, the narrow issue before us is whether American has sufficiently alleged
an inherent right to judicial review.

 In its amended petition, American pleads that it "seeks judicial review of the
Decision and Order of the State Office of Administrative Hearings . . . pursuant to Tex. Lab.
Code Ann. §§ 410.255, 402.073 and Tex. Gov't Code Ann. § 2001.171." In listing the reasons
the district court has jurisdiction to hear this matter, American asserts, "Plaintiff has an inherent
right to judicial review under due process of law as provided in the Texas and United States
Constitutions because the decision adversely affects Plaintiff's protected vested property interest
in its money." American also addressed this assertion in its hearing brief in support of the court's
jurisdiction, which further argued its right to substantive due process. This hearing brief was filed
on the same day that the district court issued its order granting the plea to the jurisdiction.

 Citing the supreme court's opinion in Continental Casualty Insurance Co. v.
Functional Restoration Associates and this Court's opinion in Carrizales v. Texas Department of
Protective & Regulatory Services, the Commission asserts that American was required to do more
in its petition than merely track the statutory language of the APA and identify the alleged
constitutional violation. Continental Cas. Ins. Co., 19 S.W.3d at 393; Carrizales v. Texas Dep't
of Protective & Regulatory Servs., 5 S.W.3d 922 (Tex. App.--Austin 1999, pet. denied). Both
opinions inform our analysis in this case.

 In Continental Casualty, the Texas Supreme Court considered whether Continental
was entitled to judicial review of a medical benefits decision by the Commission's Hearings
Division. (5) Continental Cas. Ins. Co., 19 S.W.3d at 395. Although Continental argued that the
administrative order affected a vested property right, its petition did not allege an inherent right
to judicial review or a due process right. Id. at 404. The supreme court concluded that the
district court properly granted the Commission's plea to the jurisdiction because Continental had
failed to plead an inherent right to judicial review as a basis for jurisdiction. Id. at 404-05. In
contrast, here, American's petition expressly alleges its inherent right to judicial review based on
due process under the United States and Texas Constitutions.

 In Carrizales, the appellant sought judicial review of an administrative order from
SOAH that concluded he was guilty of neglect of a child. Carrizales, 5 S.W.3d at 923. On
appeal, Carrizales asserted an inherent right to judicial review, arguing that the order deprived
him "of his liberty interest in pursuing future employment opportunities in any field working with
children." Id. at 924. To support this argument, Carrizales relied on the same language in his
petition that he had used below to argue the APA provided a right to judicial review. Id. at 925. 
This Court held that Carrizales had waived the issue. Id. Unlike Carrizales, American does not
rely on identical language to support two independent grounds for judicial review, one based on
the APA and another based on due process.

 The Commission also asserts, "After reviewing the pleadings and hearing the
arguments of counsel, Judge Campbell decided that American's allegations were conclusory and
did not go far enough to inform the trial court that American was asserting an independent
constitutional claim apart from the statutory bases set forth in § 2001.174." We cannot discern
the district court's reasons for granting the Commission's plea to the jurisdiction from the record
before us. Rather than dispute that an inherent right to judicial review based on due process may
exist here, the Commission complains solely that American's pleading is insufficient.

 If a court can ascertain that a plaintiff's allegations cannot state a cause of action,
even if amended, then the court can properly grant a plea to the jurisdiction. Bybee v. Firemen's
Fund Ins. Co., 331 S.W.2d 910, 917 (Tex. 1960). When, instead, a plaintiff may be able to cure
a jurisdictional defect by amending its pleadings, a court should not grant a plea to the jurisdiction
without first allowing an opportunity to replead. Id.; see also Texas Ass'n of Bus., 852 S.W.2d
at 446; Peek, 779 S.W.2d at 805. When a jurisdictional defect is curable, the true issue is one
of sufficiency of pleading, not of jurisdiction. Bybee, 331 S.W.2d at 917.

 In this case, the Commission did not file special exceptions to challenge the
sufficiency of the allegations American first pleaded in its amended petition. (6) American asserts
that it can cure any asserted deficiency. Because the issue here may be one of sufficiency of
pleading, and not jurisdiction, American is entitled to an opportunity to replead. See Bybee, 331
S.W.2d at 917. We sustain American's first issue. (7)


CONCLUSION


 We conclude that American should be given the opportunity to amend its pleadings
to allege facts demonstrating jurisdiction. Accordingly, we reverse the district court judgment and
remand this case for further proceedings consistent with this opinion.



 
 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Reversed and Remanded

Filed: March 15, 2001

Do Not Publish

1. The record shows that Huebner is a pro se defendant who has not yet filed an appearance. 
2. See U.S. Const. amend. XIV, § 1; Tex. Const. art. I, § 19.
3. When reviewing a plea to the jurisdiction, we take the factual allegations in the plaintiff's
petition as true unless challenged as fraudulently made to confer jurisdiction. See Bland Indep.
Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); Brannon v. Pacific Employers Ins. Co., 224
S.W.2d 466, 469 (Tex. 1949). Because the Commission does not challenge the factual allegations
in American's petition as fraudulent, our recitation of the facts is taken from the first amended
petition and, for purposes of this appeal, the material facts are undisputed.
4. Although the Texas Constitution speaks of "due course of law," no distinction should be
drawn between that phrase and "due process of law." University of Tex. Med. Sch. v. Than, 901
S.W.2d 926, 929 (Tex. 1995). The "due course of law" clause of the Texas Constitution provides
at least the same protection as the Due Process Clause of the United States Constitution. Texas
Workers' Comp. Comm'n v. Garcia, 893 S.W.2d 504, 525 (Tex. 1995).
5. Since January 1, 1995, the Commission's Hearings Division has turned over hearings to
review decisions of the Medical Review Division to SOAH. Tex. Lab. Code Ann. § 413.031(d)
(West 1996).
6. The Commission contends that it "was unaware of the existence of the amended petition
until some point in the hearing on [the Commission's] plea to the jurisdiction," characterizing this
failure to serve as an innocent oversight by American.
7. Given our disposition on American's first issue, we need not reach its second argument that
the APA contains an independent right of judicial review for medical benefits disputes in workers'
compensation cases. Tex. Gov't Code Ann. § 2001.171 (West 2000).


court's reasons for granting the Commission's plea to the jurisdiction from the record
before us. Rather than dispute that an inherent right to judicial review based on due process may
exist here, the Commission complains solely that American's pleading is insufficient.

 If a court can ascertain that a plaintiff's allegations cannot state a cause of action,
even if amended, then the court can properly grant a plea to the jurisdiction. Bybee v. Firemen's
Fund Ins. Co., 331 S.W.2d 910, 917 (Tex. 1960). When, instead, a plaintiff may be able to cure
a jurisdictional defect by amending its pleadings, a court should not grant a plea to the jurisdiction
without first allowing an opportunity to replead. Id.; see also Texas Ass'n of Bus., 852 S.W.2d
at 446; Peek, 779 S.W.2d at 805. When a jurisdictional defect is curable, the true issue is one
of sufficiency of pleading, not of jurisdiction. Bybee, 331 S.W.2d at 917.

 In this case, the Commission did not file special exceptions to challenge the
sufficiency of the allegations American first pleaded in its amended petition. (6) American asserts
that it can cure any asserted deficiency. Because the issue here may be one of sufficiency of
pleading, and not jurisdiction, American is entitled to an opportunity to replead. See Bybee, 331
S.W.2d at 917. We sustain American's first issue. (7)


CONCLUSION


 We conclude that American should be given the opportunity to amend its pleadings
to allege facts demonstrating jurisdiction. Accordingly, we reverse the district court judgment and
remand t