# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-01-00149-CV

---

### EduCare Community Living - Normal Life of North Texas, Appellant

### v.

### Texas Department of Mental Health and Mental Retardation, Appellee

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. GN003263, HONORABLE PAUL DAVIS, JUDGE PRESIDING

---

After the Hearings Office of the Texas Department of Mental Health and Mental Retardation ("MHMR") dismissed an appeal pertaining to an audit dispute, EduCare Community Living - Normal Life of North Texas ("EduCare") sought judicial review of the administrative order by filing an action against MHMR in district court. EduCare appeals from the order granting MHMR's plea to the jurisdiction. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2001). In two issues, EduCare argues it is entitled to judicial review arising from an inherent right to judicial review based on due process under the United States and Texas Constitutions[1] and a statutory right, namely, section 2001.171 of the Administrative Procedure Act. Tex. Gov't Code Ann. § 2001.171 (West 2000). We reverse the district court's order granting MHMR's plea to the jurisdiction, and remand the cause for further proceedings.

---

[1] *See* U.S. Const. amend. XIV, § 1; Tex. Const. art. I, § 19.

## BACKGROUND

MHMR conducted an audit of EduCare's Home and Community-based Services ("HCS") program[2] and determined that $135,689.12 in HCS program services claimed to be provided by EduCare could not be verified. EduCare claimed that records housed at an off-site storage facility would substantiate its claims for those services. Despite submitting the records to MHMR that were absent during the audit, EduCare received a letter from MHMR demanding recoupment of $174,862.55.[3]

In response to the demand letter, EduCare requested a hearing with the MHMR Hearings Office. An Administrative Law Judge issued an order on August 14, 2000, advising the parties that a hearing was scheduled for October 12, 2000. Pursuant to that order, EduCare was required to submit, by August 24, 2000, a written statement of the specific relief requested and the reasons EduCare was entitled to such relief.[4] EduCare did not respond to the order until September 6, 2000.

Meanwhile, on Friday, September 1, 2000, MHMR filed a Motion to Dismiss based on EduCare's failure to file the written statement as directed by the ALJ. *See* 25 Tex. Admin. Code § 411.156(g)(1) (West 2001). Immediately upon receiving a copy of the dismissal motion on September 1, 2000, EduCare forwarded the document to its counsel. On Tuesday, September 5,

---

[2] State regulations governing the HCS programs are located in the Texas Administrative Code. *See generally* 25 Tex. Admin. Code §§ 409.100-.120 (West 2000).

[3] Of the $174,862.55 claimed by MHMR to be owed, $135,689.12 represents the allegedly unverified program services.

[4] The order also required EduCare to specify the dates it was notified of the agency's action and to identify EduCare's legal representatives.

2

2000, the same day EduCare's counsel received it, the ALJ granted the pending motion. The following day, EduCare filed its written statement and response to the motion.

Subsequently, EduCare filed a Motion for Rehearing of the Order of Dismissal. EduCare's motion was denied by the ALJ. EduCare then filed a petition for judicial review. MHMR filed a plea to the jurisdiction which was granted by the district court. The case was dismissed and this appeal followed.

**STANDARD OF REVIEW**

A plea to the jurisdiction challenges a district court's subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Because subject matter jurisdiction poses a question of law, we review rulings on pleas to the jurisdiction *de novo. See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). The nature of the issues raised in the plea determines the scope of review. *Id.* Thus, we may look beyond the pleadings and are required to do so when necessary to resolve the jurisdictional issues raised. *Id.*

The plaintiff bears the burden of pleading facts that show the district court has subject matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Unless the defendant pleads and proves that the plaintiff's allegations were fraudulently made to confer jurisdiction, they are accepted as true. *Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex. 1996). However, if the face of the petition does not affirmatively demonstrate a lack of jurisdiction, the district court must liberally construe the plaintiff's allegations in favor of jurisdiction. *Texas Ass'n of Bus.*, 852 S.W.2d at 446; *Peek v. Equipment Serv. Co.*, 779 S.W.2d 802,

3

804 (Tex. 1989). We must therefore determine whether EduCare pleaded facts sufficient to allege that the district court had jurisdiction to review the administrative order.

## DISCUSSION

Judicial review of administrative orders is permissible where (i) provided for by express statutory provisions, (ii) the order adversely affects a vested property interest, or (iii) the order is violative of some other constitutional right. *Continental Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 397 (Tex. 2000); *Stone v. Texas Liquor Control Bd.*, 417 S.W.2d 385, 385-86 (Tex. 1967).

In its first issue, EduCare argues that it is entitled to judicial review based on its inherent right to due process under the United States and Texas Constitutions. *See* U.S. Const. amend. XIV, § 1; Tex. Const. art. I, § 19. Specifically, EduCare contends that the administrative order requires EduCare to repay HCS funds to which it was legitimately entitled. EduCare concludes that, because the order adversely affects its property interest in the monies paid for HCS services provided, it has an inherent right to judicial review based on due process.

Relying in part on *Chemical Bank & Trust Co. v. Falkner*, 369 S.W.2d 427, 433 (Tex. 1963), and *Brazosport Sav. & Loan Ass'n. v. American*, 342 S.W.2d 747, 750 (Tex. 1961), this Court has previously stated that when some action by an administrative agency affects a vested property right, the affected party may invoke an inherent right of judicial review. *Continental Cas. Ins. Co. v. Function Restoration Assocs.*, 964 S.W.2d 776, 779 (Tex. App.—Austin 1998), *rev'd on other grounds*, 19 S.W.3d 393 (Tex. 2000); *see also generally Southwest Airlines Co. v. Texas High-Speed Rail Auth.*, 867 S.W.2d 154 (Tex. App.—Austin 1993, writ denied). For a property right to

4

vest, the supreme court has reasoned, "[i]t must have become a title, legal or equitable, to the present or future enjoyment of property, or to the present or future enforcement of a demand, or a legal exemption from the demand of another." *National Carloading Corp. v. Phoenix-El Paso Express, Inc.*, 176 S.W.2d 564, 570 (Tex. 1943).

In *Continental Casualty*, this Court examined whether a vested property interest existed in "the money that the Commission's hearing officer ordered Continental to pay" the defendants. *Continental Cas. Ins. Co.*, 964 S.W.2d at 782. We concluded that the hearing officer's decision, which affirmed an administrative order authorizing medical treatment, affected a vested property interest. *Id.*

Here, an administrative order dismissing EduCare's dispute effectively made EduCare liable to MHMR for the full amount of $174,862.55. Of that amount, EduCare alleges in its petition that $135,689.12 reflects funds received for HCS program services allegedly provided. The dispute between the parties is whether the services were actually rendered. This Court need not reach the merits of this dispute, as the question we are called upon to decide is whether the facts pleaded are sufficient to support subject matter jurisdiction in the district court. We hold that they are.

EduCare's petition alleges that the administrative order affected a vested property right and, therefore, that it has an inherent right to judicial review. Because we must liberally construe the petition in favor of jurisdiction, we find EduCare pleaded facts alleging a vested property interest in $135,689.12 for services provided sufficient to confer subject matter jurisdiction. Further, this finding disposes of the need to address EduCare's second issue claiming a statutory right to review.

**CONCLUSION**

Having determined that EduCare has alleged an inherent right to judicial review based upon a vested property right, we are satisfied appellant's petition affirmatively demonstrates subject matter jurisdiction. Accordingly, we reverse the district court order granting MHMR's plea to the jurisdiction and remand the cause for further proceedings.

_____

—

Jan P. Patterson, Justice

Before Justices Kidd, B. A. Smith and Patterson

Reversed and Remanded

Filed:   September 20, 2001

Do Not Publish

6