TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00422-CV






Armando Carrizales, Appellant



v.



Texas Department of Protective and Regulatory Services, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 98-11372, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING






 Armando Carrizales sought judicial review in the district court of an order issued
by an administrative law judge (ALJ) of the State Office of Hearing Examiners (SOAH). The
complained-of order upheld the finding of the Texas Department of Protective and Regulatory
Services that Carrizales was guilty of neglect of a child. In the district court Carrizales asserted
that, even without a separate statutory basis for judicial review, the Administrative Procedure Act
itself conferred upon him the right of judicial review. The district court, following well-settled
precedent from this Court, overruled this contention and granted the Department's plea to the
jurisdiction.

 On appeal, Carrizales asserts an alternative basis for judicial review of the ALJ's
order: That he has an inherent right of appeal because the finding of neglect, which by law was
forwarded to a registry that effectively barred his future employment working with children, 
implicated his constitutionally protected liberty interest. We hold that Carrizales failed to preserve
this basis for judicial review and affirm the district court's order of dismissal.


FACTUAL BACKGROUND


 In August 1997, Armando Carrizales was the administrative officer on duty at the
Laurel Ridge Hospital, a psychiatric residential treatment facility in San Antonio, when a tragic 
incident occurred. A sixteen-year-old female patient, described as one of the toughest and most
aggressive patients at Laurel Ridge, threatened to stab a staff member with a bundle of sharpened
pencils. When several staff members were unable to subdue her, the patient was given a shot of
thorazine at the direction of the staff doctor. Carrizales was called to the scene and personally
approved this directive. He then ordered the patient to be placed in seclusion, although the drug
had thoroughly sedated her. The patient had frequently been confined to seclusion to calm her
violent outbursts and had a history of "playing possum." At Carrizales's direction, the patient
was placed alone behind locked doors, although she appeared to be unconscious. When after only
a few minutes the staff observed through the window that she had not moved, a nurse opened the
door to check on the patient's condition. She was dead.

 Following this event, the Department determined that Carrizales had neglected the
child, in violation of Texas Family Code section 261.001(4)(B)(i). Tex. Fam. Code Ann.
§ 261.001(4)(B)(i) (West 1996). As a consequence, Carrizales' name was placed in a central
registry designed to identify for prospective employers anyone who has neglected or abused a
child. See Tex. Fam. Code Ann. § 261.002 (West 1996). Carrizales appealed the Department's
finding to SOAH, as authorized by chapter 40, section 730.1702 of the Texas Administrative
Code. 40 Tex. Admin. Code § 730.1702 (1999) (Protective & Regulatory Services Department). 
After a hearing, the administrative law judge upheld the Department's finding of neglect. He
found Carrizales had a responsibility for "taking all necessary precautions to ensure safe patient
care in response to crises and for intervening in the delivery of patient care to maximize patient
safety." In this crisis, the ALJ concluded, Carrizales had neglected the child entrusted to his
responsibility. Carrizales then filed his petition in the district court, seeking judicial review of
the ALJ's order.

 There is no statutory law affording an aggrieved party judicial review of a SOAH
ruling under these circumstances. The Texas Family Code authorizes the Department to conduct
investigations and make determinations in reported cases of abuse or neglect of children. See Tex.
Fam. Code Ann. § 261.301(a), (e)(1) & (2) (West 1996). If the name of a person found to have
committed neglect of a child is placed in the central registry governing future employment with
children, then that individual is entitled to a SOAH hearing before his name may be released. See
40 Tex. Admin. Code § 730.1702. Pursuant to that authority, the hearing is held before an
administrative law judge of SOAH, and the ALJ, after hearing evidence, makes findings of fact
and conclusions of law and issues a final order. There is no provision for judicial review of the
ALJ's order.

 In the district court, Carrizales relied solely on the Administrative Procedure Act 
(APA) as a basis for his appeal. Tex. Gov't Code Ann. § 2001.171 (West Supp. 1999). This
Court has held in numerous opinions that section 2001.171 is a procedural provision that does not
confer subject-matter jurisdiction on the district court to entertain a petition for judicial review
unless review is authorized under the agency's enabling legislation or another statutory provision. 
See P.R.I.D.E. v. Texas Workers' Compensation Comm'n, 950 S.W.2d 175, 180 (Tex.
App.--Austin 1997, no writ); Texas Dep't of Transp. v. T. Brown Constructors, Inc., 947 S.W.2d
655, 658 (Tex. App.--Austin 1997, writ denied); Firemen's Pension Comm'n v. Jones, 939 S.W.2d
730, 732-33 (Tex. App.--Austin 1997, no writ); Employees Retirement Sys. v. Foy, 896 S.W.2d
314, 316 (Tex. App.--Austin 1995, writ denied); S.C. San Antonio, Inc. v. Texas Dep't of Human
Servs., 891 S.W.2d 773, 776 (Tex. App.--Austin 1995, writ denied).

 Appellant concedes that under this authority he is not entitled to judicial review
based on APA section 2001.171. Instead, in this Court, Carrizales now asserts for the first time
that he has an inherent right to judicial review because he has been deprived of his liberty interest
in pursuing future employment opportunities in any field working with children. In any number
of cases, the courts of this state have recognized an inherent right to judicial review when an
agency decision affects a vested property interest of the appellant. See Texas Workers'
Compensation Comm'n v. Texas Builders Ins. Co., 994 S.W.2d 902, 905 (Tex. App.--Austin 1999,
pet. filed); see also Chemical Bank & Trust Co. v. Falkner, 369 S.W.2d 427, 433 (Tex. 1963);
Brazosport Sav. & Loan Ass'n v. American Sav. & Loan Ass'n, 161 Tex. 543, 342 S.W.2d 747,
750 (1961); Bohannan v. Texas Bd. of Criminal Justice, 942 S.W.2d 113, 118 (Tex. App.--Austin
1997, writ denied); Texas State Dep't of Human Resources v. Silver Threads Co., 569 S.W.2d
49, 51 (Tex. Civ. App.--Austin 1978, writ ref'd n.r.e.); English Freight Co. v. Knox, 180 S.W.2d
633, 640-41 (Tex. Civ. App.--Austin 1944, writ ref'd w.o.m.). Assuming without deciding that
Carrizales has suffered an injury to a liberty interest that would afford him an inherent right to
review to determine if his due process rights have been violated by the ALJ's order, we hold that
appellant has not preserved this issue for appellate review.

 As a rule, a party may not raise an issue, even a constitutional claim, for the first
time on appeal. See Dreyer v. Greene, 871 S.W.2d 697, 698 (Tex. 1993). A constitutional
challenge not raised properly in the district court is waived on appeal. See Segovia v. Texas Dep't
of Protective & Regulatory Servs., 979 S.W.2d 785, 788 (Tex. App.--Houston [14th Dist.] 1998,
pet. denied). Understanding that we may not address his constitutional claim unless it was
presented below, Carrizales points to isolated language in his petition for judicial review that
matches language concerning the nature of a due process review of an agency action and asks us
to review his pleadings liberally to find preservation of error. See North Alamo Water Supply v.
Department of Health, 839 S.W.2d 455, 457 (Tex. App.--Austin 1992, writ denied) ("In reviewing
an order of dismissal for want of jurisdiction, we construe the pleadings in favor of the pleader."). 
Carrizales asks too much.

 In his original petition for judicial review, appellant relied solely on the APA as
a basis for judicial review. In paragraph III of that petition, he alleged, "The findings, inferences,
conclusions, and decisions of Defendant are not supported by substantial evidence . . . ." In
paragraph IV, he further alleged, "The findings, inferences, conclusions, and decisions of
Defendant are arbitrary and capricious and characterized by abuse of discretion or clearly
unwarranted exercise of discretion." The APA provides that a court may reverse or remand an
agency decision that is not reasonably supported by substantial evidence or that is arbitrary or
capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. 
See Tex. Gov't Code Ann. §§ 2001.174(E), (F) (West Supp. 1999). By including these two
paragraphs in his petition, Carrizales was making the allegations necessary to seek a reversal of
the agency action under the APA, his stated basis for seeking judicial review. Now on appeal,
appellant points to these same allegations as evidence that he also presented his constitutional
claims to the district court. In support of this claim, he refers us to language in a recent opinion
of this Court: "Substantive due process demands that government action not be arbitrary,
unreasonable, or capricious. . . ." See Continental Cas. Ins. Co. v. Functional Restoration
Assocs., 964 S.W.2d 776, 782 (Tex. App.--Austin 1998, pet. granted). The allegations in
paragraphs III and IV would support reversal of the ALJ's order on either ground, review as
prescribed under the APA or inherent review of an error affecting constitutional rights, but
without more they do not inform the trial court that appellant was asserting an independent
constitutional claim. Because Carrizales failed to claim a right to inherent judicial review based
on a violation of his constitutional rights in the court below, he has waived that issue on appeal.


CONCLUSION


 We hold that the district court properly dismissed this petition for judicial review
on the only ground asserted by appellant and affirm its order dismissing the appeal for want of
jurisdiction.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: November 18, 1999

Publish



e also Chemical Bank & Trust Co. v. Falkner, 369 S.W.2d 427, 433 (Tex. 1963);
Brazosport Sav. & Loan Ass'n v. American Sav. & Loan Ass'n, 161 Tex. 543, 342 S.W.2d 747,
750 (1961); Bohannan v. Texas Bd. of Criminal Justice, 942 S.W.2d 113, 118 (Tex. App.--Austin
1997, writ denied); Texas State Dep't of Human Resources v. Silver Threads Co., 569 S.W.2d
49, 51 (Tex. Civ. App.--Austin 1978, writ ref'd n.r.e.); English Freight Co. v. Knox, 180 S.W.2d
633, 640-41 (Tex. Civ. App.--Austin 1944, writ ref'd w.o.m.). Assuming without deciding that
Carrizales has suffered an injury to a liberty interest that would afford him an inherent right to
review to determine if his due process rights have been violated by the ALJ's order, we hold that
appellant has not preserved this issue for appellate review.

 As a rule, a party may not raise an issue, even a constitutional claim, for the first
time on appeal. See Dreyer v. Greene, 871 S.W.2d 697, 698 (Tex. 1993). A constitutional
challenge not raised properly in the district court is waived on appeal. See Segovia v. Texas Dep't
of Protective & Regulatory Servs., 979 S.W.2d 785, 788 (Tex. App.--Houston [14th Dist.] 1998,
pet. denied). Understanding that we may not address his constitutional claim unless it was
presented below, Carrizales points to isolated language in his petition for judicial review that
matches language concerning the nature of a due process review of an agency action and asks us
to review his pleadings liberally to find preservation of error. See North Alamo Water Supply v.
Department of Health, 839 S.W.2d 455, 457 (Tex. App.--Austin 1992, writ denied) ("In reviewing
an order of dismissal for want of jurisdiction, we construe the pleadings in favor of the pleader."). 
Carrizales asks too much.

 In his original petition for judicial review, appellant relied solely on the APA as
a basis for judicial review. In paragraph III of that petition, he alleged, "The findings, inferences,
conclusions, and decisions of Defendant are not supported by substantial evidence . . . ." In
paragraph IV, he further alleged, "The findings, inferences, conclusions, and decisions of
Defendant are arbitrary and capricious and characterized by abuse of discretion or clearly
unwarranted e