# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00615-CR

**Donald Clark, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
NO. 00-185-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING**

Appellant Donald Clark pleaded guilty to three counts of aggravated assault and two counts of indecency with a child. On appeal, Clark contends that the State's notice of intent to use extraneous offenses was inadequate and that Clark's counsel was deprived of the minimum ten-day preparation period before a hearing on the State's motion to cumulate sentence. We will affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

Clark was married to Pamela Aday, who had children by a previous marriage. On March 10, 2000, Pamela's five-year-old daughter told Pamela that Clark made her perform oral sex on him. Pamela called the police, and the police arrested Clark, who admitted to the police that he had assaulted Pamela's daughter.

Clark's appointed attorney requested notice of the extraneous offenses and bad acts the State planned to introduce as evidence. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (West Supp. 2001). The State responded with written notice that it intended to introduce evidence regarding Clark's use of pornography, other acts of child molestation, and a previous act of violence. As Clark pleaded guilty to aggravated assault and indecency with a child, a jury trial was held only on the issue of punishment. The jury assessed punishment at eighty-five years in prison for Count One, seventy-five years for Count Two, seventy-five years for Count Three, twenty years for Count Four, and ten years for Count Five. The trial court conducted a hearing on the State's motion to cumulate Clark's sentence and ruled that the sentences for Counts One and Five would run consecutively, and the other sentences would run concurrently with Count One.

Clark appeals the judgment of the trial court on two issues. First, Clark complains that the State failed to comply with the notice requirements of Texas Code of Criminal Procedure article 37.07, section 3(g). *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (West Supp. 2001). Second, Clark complains that his appointed counsel was not given ten days to prepare for the hearing on the State's motion to cumulate sentence as required by Texas Code of Criminal Procedure article 1.051(e). *See* Tex. Code Crim. Proc. Ann. art. 1.051(e) (West Supp. 2001).

**DISCUSSION**

In his first issue, Clark contends that the State's notice of its intent to use extraneous offenses and bad acts did not comply with the requisites of article 37.07, section 3(g) of the Texas Code of Criminal Procedure, which states:

> On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence.[1] If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act. The requirement under this subsection that the attorney representing the state give notice applies only if the defendant makes a timely request to the attorney representing the state for the notice.

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (West Supp. 2001). Clark specifically complains that the State's notice failed to describe with the particularity required by article 37.07, section 3(g) several of the bad acts and extraneous offenses it introduced at trial. The State's notice, which is contained in the record, lists nine bad acts and extraneous offenses that it intended to use at the

---

[1] Rule 404(b) of the Texas Rules of Criminal Evidence governs the guilt or innocence stage of trial and states

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.

Tex. R. Evid. 404(b).

3

punishment trial.[2] Clark contends that the notice was inadequate because only two of the nine bad acts contain dates and none contains the county in which the act occurred. Although he did not raise the inadequacy of the notice at or before trial, Clark cites *Washington v. State* for the proposition that a defendant's timely request for notice is sufficient to require the State's compliance with article 37.07, section 3(g). 943 S.W.2d 501, 504 (Tex. App.—Fort Worth 1997, pet. ref'd). The State responds by arguing that Clark has failed to preserve error on this issue.

The record reveals that Clark made no objections regarding inadequate notice during the testimony of the State's witnesses or during the State's cross-examination of defense witnesses. The State introduced evidence of bad acts during the testimony of Pamela Aday and Detective Garrett. Our review of the record reveals only that Clark made a hearsay objection during Pamela Aday's testimony and an objection on the ground of relevance during Detective Garrett's testimony.

Clark is correct in asserting that a timely request from the defendant to the State requires the State's compliance with article 37.07, section 3(g). *See Washington*, 943 S.W.2d at 504. In *Washington*, the defendant requested notice pursuant to article 37.07, section 3(g); the State, however, "never notified Washington that it intended to offer evidence of extraneous bad acts at punishment." *Id*. at 503. Nonetheless, the trial court allowed the State to introduce the evidence in its rebuttal. *Id*. at 502. The appellate court rejected the State's argument that Washington had waived error because he did not request a continuance. *Id*. at 504. The court stated: "Both article 37.07, section 3(g) and rule 404(b) require only a request from the defendant addressed to the State.

---

[2] Additionally, the State listed an offense for which Clark received a deferred adjudication of ten years. Clark does not argue that the notice is inadequate regarding this extraneous offense.

They do not require a court ruling on that request." *Id.* In *Washington*, however, the State wholly failed to respond to Washington's request for notice despite the mandatory language of article 37.07, section 3(g). In that instance, the court held, article 37.07, section 3(g) does not require a defendant to request a continuance to preserve error; it does require, however, that a defendant make an objection. *See id.*

For Clark to have preserved error, he must have made a timely and specific objection at trial. *See id.* In addition, "[i]t is well settled that a point of error on appeal must comport to the objection voiced at trial." *Angelo v. State,* 977 S.W.2d 169, 177 (Tex. App.—Austin 1998, pet. ref'd). As noted above, at trial, Clark objected on hearsay and relevance grounds to some of the evidence that he challenges as inadequately described in the State's notice. He never challenged the inadequacy of the notice. We hold that Clark failed to preserve error on this issue and therefore overrule his first issue.

Clark contends in his second issue that his appointed counsel did not receive the requisite time to prepare for the hearing on the State's motion to cumulate sentence. Clark refers to a ten-day provision that is included in article 1.051 of the Texas Code of Criminal Procedure. Article 1.051 governs an indigent defendant's right to have the trial court appoint counsel to represent him in any adversary judicial proceeding that may result in punishment by confinement. Clark relies on subsection (e) of the article, which states that "an appointed counsel is entitled to 10 days to prepare for a proceeding but may waive the preparation time with the consent of the defendant in writing or on the record in open court." Tex. Code Crim. Proc. Ann. art. 1051(e) (West Supp. 2001). The

State responds by arguing that Clark failed to preserve error on this issue[3] and that the trial court properly cumulated the sentences.

Clark correctly notes that the purpose of article 1.051(e) is to provide appointed counsel a reasonable amount of time to prepare a defense for trial. *Ashcraft v. State*, 900 S.W.2d 817, 829 (Tex. App.—Corpus Christi 1995, pet. ref'd). Clark fails to realize, however, that article 1.051(e) does not afford a defendant's attorney, merely because he or she is appointed, a ten-day preparation period before every proceeding. The case law makes clear that the only relevant time period for purposes of the ten-day requirement is the period between the initial appointment of counsel and the proceeding at issue. *See id.* (discussing whether trial court violated article 1.051(e) where initially retained attorney, who sought to withdraw when appellant could no longer pay for legal services, was appointed within ten days of trial); *Marin v. State*, 891 S.W.2d 267, 268-69 (Tex. Crim. App. 1994), *overruled on other grounds*, *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (discussing whether an appointed attorney who replaced the first appointed attorney six days prior to trial is entitled to the ten-day preparation time); *Rojas v. State*, 943 S.W.2d 507 (Tex. App.—Dallas 1997, no pet.) (discussing whether a violation of article 1.051(e) occurred where the trial court appointed counsel on May 10th or 11th and then revoked the appellant's petition and imposed sentence on May 11th).

---

[3] An issue can not be raised for the first time on appeal. *Carrizales v. Texas Dept. of Protective & Regulatory Servs*, 5 S.W.3d 922, 925 (Tex. App.—Austin 1999, pet. denied). If a defendant does not waive his right to the ten-day period provided in article 1.051(e), however, he may raise the court's failure to comply with it for the first time on appeal. *Ashcraft v. State,* 900 S.W.2d. 817, 829 (Tex. App.—Corpus Christi 1995, pet. ref'd).

Clark's counsel was appointed on March 14, 2000. On August 8, 2000, Clark pleaded guilty to five counts of aggravated assault and indecency with a child, and the trial on punishment began that day. Formal sentencing was held on August 9, 2000, and the hearing on whether to cumulate occurred the same day. As over four-and-a-half months elapsed between the time of appointment of Clark's counsel and the hearing on the motion to cumulate sentence, article 1.051(e) has no application to Clark. Therefore, we overrule his second point of error.

## CONCLUSION

We conclude that Clark failed to preserve error regarding his complaint of improper notice under article 37.07, section 3(g) of the Texas Code of Criminal Procedure. We also hold that Clark has failed to allege a violation of article 1.051(e) of the same code. The judgment of the trial court is affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: October 4, 2001

Do Not Publish

7