MEGA CHILD CARE, INC., Appellant,

v.

TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES, Appellee.

No. 01–99–01243–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 28, 2002.

Booker T. Morris, III, Houston, for Appellant.

Raymond Charles Winter, Assistant Attorney General, Austin, for Appellee.

Panel consists of Justices MIRABAL, JENNINGS, and DUGGAN.*

## OPINION

MARGARET GARNER MIRABAL, Justice.

Appellant, Mega Child Care, Inc., sought judicial review of a decision issued by an administrative law judge from the State Office of Administrative Hearings. Appellee, the Texas Department of Protective and Regulatory Services (TDPRS), filed a plea to the jurisdiction. The district court granted TDPRS's plea to the jurisdiction and dismissed Mega Child Care's suit. We reverse and remand.

## BACKGROUND

TDPRS is the state agency charged with: (1) providing protective services for children and elderly and disabled persons; (2) providing family support and family preservation services; (3) regulating child-care facilities and child-care administrators; and (4) implementing and managing programs intended to provide early intervention or prevent at-risk behaviors. Tex. Hum. Res.Code Ann. § 40.002(b) (Vernon 2001).

Bonita Odutayo is the owner and operator of Mega Child Care, a child-care facility. After finding that Mega Child Care had not complied with TDPRS rules and standards, TDPRS revoked Mega Child Care's license to operate.[1] An administrative law judge (ALJ) from the State Office of Administrative Hearings (SOAH) up-

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. No person may operate, without a license or certificate of accreditation issued by TDPRS, a child-care facility. Tex. Hum. Res.Code Ann. § 42.041(a) (Vernon Supp.2002).

held the revocation of Mega Child Care's license.

Mega Child Care sought judicial review of the ALJ's decision. In its plea to the jurisdiction, TDPRS contended that Mega Child Care did not have any statutory right to judicial review. The district court granted TDPRS's plea to the jurisdiction and dismissed Mega Child Care's suit.[2] This appeal followed.

## DISCUSSION

■ In issue one, Mega Child Care contends that it has a statutory right to judicial review. We agree.

## A. Standard of Review

■ Whether a trial court has subject-matter jurisdiction is a question of law and is reviewed de novo. *Subaru of America, Inc., v. David McDavid Nissan, Inc. d/b/a David McDavid Subaru*, No. 00–0292, slip op. at 8–9, —— S.W.3d ——, ——–——, 2001 WL 1898454 (Tex. June 27, 2002); *Mayhew v. Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). When conducting a de novo review, an appellate court exercises its own judgment and redetermines each legal issue, giving no deference to the trial court's decision. *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex.1998).

## B. General Rules

■ District courts are courts of general jurisdiction. *Subaru*, No. 00–0292, slip op. at 6, —— S.W.3d at ——; *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex.2000). The Texas Constitution provides that a district court's jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions except cases where exclusive, appellate, or original jur-

isdiction may be conferred by the constitution or other law on some other court, tribunal or administrative body. TEX. CONST. art. V, § 8; *Subaru*, No. 00–0292, slip op. at 6, —— S.W.3d at ——. Thus, there is a presumption that a trial court has jurisdiction unless the legislature has mandated that a party present its claims elsewhere. *Subaru*, No. 00–0292, slip op. at 6, —— S.W.3d at ——; *Dubai Petroleum*, 12 S.W.3d at 75.

■ Administrative agencies, however, have no authority to resolve disputes unless they are given that authority in clear and express statutory language. *Key W. Life Ins. Co. v. State Bd. of Ins.*, 163 Tex. 11, 350 S.W.2d 839, 848 (1961). Courts will not imply additional authority to agencies, nor may agencies create excess powers for themselves. *Key W. Life*, 350 S.W.2d at 848.

■ The legislature may expressly grant authority to an agency to make the *initial determination* in a dispute, thus giving the agency "exclusive jurisdiction" for initial determination purposes. *Cash Am. Int'l Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex.2000); *see Cont'l Coffee Products Co. v. Cazarez*, 937 S.W.2d 444, 447 (Tex.1996). However, even if a state agency has such exclusive jurisdiction, a party may generally seek judicial review of that agency's findings once the party has exhausted all administrative remedies. *Subaru*, No. 00–0292, slip op. at 8, —— S.W.3d at ——; *See Cash Am.*, 35 S.W.3d at 15; TEX. GOV'T CODE ANN. § 2001.171 (Vernon 2000).

## C. Contested Proceedings before TDPRS

The TDPRS is subject to chapter 2001 of the Texas Government Code, commonly

---

**2.** Following the dismissal, TDPRS notified Mega Child Care that it could no longer operate. Mega Child Care continued to do so. TDPRS sought an injunction against Mega Child Care, which the district court granted.

Mega Child Care appealed the injunction, and the appellate court affirmed. *See Mega Child Care, Inc. v. Texas Dep't of Protective & Regulatory Servs.*, 29 S.W.3d 303, 307–15 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

known as the Administrative Procedure Act. TEX. HUM. RES.CODE ANN. § 40.006 (Vernon 2001); TEX. GOVT.CODE ANN. § 2001.002 (Vernon 2000). Under the Administrative Procedure Act, SOAH conducts hearings in contested cases. TEX. GOVT.CODE ANN. § 2001.058 (Vernon 2000).

Mega Child Care is subject to Chapter 42 of the Human Resources Code, which governs the regulation of certain facilities, homes, and agencies that provide childcare services. Section 42.072 provides, in part, as follows:

> (a) The department [TDPRS] may suspend, deny, revoke, or refuse to renew the license, listing, registration, or certification of approval of a facility or family home that does not comply with the requirements of this chapter, the standards and rules of the department, or the specific terms of the license, listing, registration, or certification. The department may revoke the probation of a person whose license, listing, or registration is suspended if the person violates a term of the conditions of probation.
>
> (b) If the department proposes to take action under Subsection (a), the person is entitled to a hearing conducted by the State Office of Administrative Hearings. *Proceedings for disciplinary action are governed by the administrative procedure law, Chapter 2001, Government Code.* ...

TEX. HUM. RES.CODE ANN. §§ 42.072(a), (b) (Vernon Supp.2002) (emphasis added). Section 2001.171 of the Administrative Procedure Act reads as follows: "A person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter." TEX. GOV'T CODE ANN. § 2001.171.

In the present case, Mega Child Care exhausted all available administrative remedies and was entitled to judicial review. *See* TEX. GOV'T CODE ANN. § 2001.171; *Cash Am.*, 35 S.W.3d at 15–17. Accordingly, the trial court erred when it granted the TDPRS's plea to the jurisdiction.

We sustain issue one. In light of our disposition under issue one, it is unnecessary for us to reach the merits of Mega Child Care's other issues, and we decline to do so.

## Conclusion

We reverse the judgment and remand the case to the trial court.

Justice JENNINGS dissenting.

TERRY JENNINGS, Justice, dissenting.

I respectfully dissent. In the district court, appellant, Mega Child Care, Inc. (Mega), sought judicial review of a decision issued by an administrative law judge from the State Office of Administrative Hearings (SOAH). SOAH upheld the decision of appellee, the Texas Department of Protective and Regulatory Services (TDPRS), to revoke Mega's license to operate a child-care facility. TDPRS filed a plea to the jurisdiction, contending that Mega did not have any statutory rights to judicial review. The district court granted TDPRS's plea to the jurisdiction and dismissed Mega's suit. I would affirm.

## Judicial Review

In its first issue, Mega contends that section 40.0041 of the Human Resources Code and section 725.4001(a) of the Administrative Code each create a right to judicial review of SOAH's decision to uphold TDPRS's revocation of Mega's child-care license. The majority concludes that Mega has a statutory right to judicial re-

view of SOAH's decision under section 2001.171 of the Government Code.

At the outset, it must be noted that it is well-settled Texas law that there is no right to judicial review of an administrative order unless a statute provides a right or unless the order adversely affects a vested property right or otherwise violates a constitutional right. *Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 397 (Tex.2000).

### The Human Resources Code

Mega argues that section 40.0041 of the Human Resources Code creates a right to judicial review of its license revocation. Section 40.0041 provides that TDPRS "shall develop and implement a uniform process for receiving and resolving complaints against" it. TEX. HUM. RES.CODE ANN. § 40.0041(a)(1) (Vernon 2001). The process includes "statewide procedures through which the public, consumers, and service recipients are informed ... of the right to make a complaint against [DPRS] ... and ... of [DPRS's] procedures for resolving a complaint, including the right to appeal a decision made at the local level ...." *Id.* Contrary to Mega's contention that the right to appeal is available to all, including child-care facilities, section 40.0041 applies only to complaints against TDPRS by members of the public, not to licensing decisions made by TDPRS pursuant to chapter 42 of the Code. The statute specifically refers to "the public, consumers, and service recipients." *Id.*

As a child-care facility, Mega is subject to Chapter 42 of the Human Resources Code, which governs the regulation of certain facilities, homes, and agencies that provide child-care services. Section 42.072 provides, in part:

> (a) The department may suspend, deny, revoke, or refuse to renew the license, listing, registration, or certification of approval of a facility or family home that does not comply with the requirements of this chapter, the standards and rules of the department, or the specific terms of the license, listing, registration, or certification. The department may revoke the probation of a person whose license, listing, or registration is suspended if the person violates a term of the conditions of probation.

> (b) If the department proposes to take action under Subsection (a), the person is entitled to a hearing conducted by the State Office of Administrative Hearings. Proceedings for disciplinary action are governed by the administrative procedure law, Chapter 2001, Government Code.

> . . . .

> (e) A person may continue to operate a facility or family home during an appeal of a license, listing, or registration denial or revocation unless the revocation or denial is based on a violation which poses a risk to the health or safety of children. The department shall by rule establish the violations which pose a risk to the health or safety of children. The department shall notify the facility or family home of the violation which poses a risk to health or safety and that the facility or family home may not operate. A person who has been notified by the department that the facility or home may not operate under this section may seek injunctive relief from a district court in Travis County or in the county in which the facility or home is located to allow operation during the pendency of an appeal. The court may grant injunctive relief against an agency's action only if the court finds that the child-care operation does not pose a health or safety risk to children. A court granting injunctive relief under this subsection *shall have no other jurisdiction over an appeal of final agency action* unless con-

ferred by Chapter 2001, Government Code.

TEX. HUM. RES.CODE ANN. §§ 42.072(a), (b), (e) (Vernon Supp.2002) (emphasis added). Section 42.072(b) provides for an administrative hearing, but does not mention judicial review. *Id.* § 42.072(b). Section 42.072(e) provides that, aside from granting injunctive relief, a district court "shall have no other jurisdiction over an appeal of final agency action" unless conferred by Chapter 2001 of the Government Code. *Id.* § 42.072(e).

The Human Resources Code no longer includes a provision allowing judicial review of TDPRS decisions revoking child-care facility licenses. Prior to 1997, the Code expressly provided that a person whose license was revoked by the TDPRS could challenge the decision in an appropriate district court. However, in 1997, the Legislature amended the Code to provide for appeals of such TDPRS decisions to SOAH, and it specifically repealed the portion of section 42.072 allowing judicial review.[1]

Further, section 40.066 states that the Administrative Law Judge "who conducts a contested case hearing for [SOAH] on behalf of [TDPRS] shall enter the *final* decision in the case after completion of the hearing." TEX. HUM. RES.CODE ANN. § 40.066(c) (Vernon 2001) (emphasis added).

The conclusion that Mega does not have a statutory right to judicial review is further supported by the fact that the Legislature has not removed the right to judicial review of administrative licensing decisions for child-care institutions and child-care administrators. *See* TEX. HUM. RES.CODE ANN. § 43.011(c) (Vernon 2001).[2] Unlike section 42.072, which provides for an administrative hearing, but does not mention judicial review, section 43.011 expressly provides both a right to an administrative hearing before SOAH and subsequent judicial review. The retention of an express right to judicial review in section 43.011 suggests that the Legislature did not intend to extend a right of judicial review when it removed it from section 42.072. *See Continental*, 19 S.W.3d at 403.

### The Administrative Code

Mega next contends that sections 725.4001(a) and 725.4020(b) of the Administrative Code create a right to judicial review of its license revocation. First, section 725.4001(a) provides that "[t]he applicant, licensee, or holder of certificate or registration has the right to request an appeal hearing on a department decision to deny an application or to revoke a license, certificate, or registration." 40 TEX. ADMIN. CODE § 725.4001(a) (2001). However, section 725.4001(a), which grants a right to an *appeal hearing*, is actually silent on the issue of judicial review.

Second, section 725.4020(b) provides that, "[w]ithin 30 days after the receipt of the decision on the appellant's request for rehearing, the appellant may challenge the decision in a suit filed in a district court of Travis County or the county in which the facility is located." 40 TEX. ADMIN. CODE § 725.4020(b) (2001). However, section 725.4020 has been repealed.[3] *See* 26 Tex.

---

1. Act of June 20, 1997, 75th Leg., R.S., ch. 1217, § 13, Tex. Gen. Laws 4674, 4678.

2. Under section 43.001(1), a "child-care institution" is defined as "a profit or nonprofit children's home, orphanage, institution, or other place that receives and provides 24–hour–a–day care for more than six children who are dependent, neglected, handicapped, delinquent, in danger of becoming delinquent, or in need of group care." TEX. HUM. RES.CODE ANN. § 43.001(1) (Vernon 2001).

3. The effective date of the repeal is March 1, 2001.

Reg. 1354 (2001) (repeal of 40 Tex. Admin. Code § 725.4020). Moreover, TDPRS's rule-making power cannot validly expand its jurisdiction beyond that given expressly in the legislature's own enactments. *See Employees Ret. Sys. of Texas v. Foy*, 896 S.W.2d 314, 317 (Tex.App.—Austin 1995, writ denied).

### The Government Code

The majority concludes that section 2001.171 of the Government Code entitles Mega to judicial review of SOAH's decision to uphold TDPRS' revocation of Mega's license. The majority notes that, "[p]roceedings for disciplinary action are governed by the administrative procedure law, Chapter 2001, Government Code. . . ." *See* Tex. Hum. Res Code Ann. § 42.072(b) (Vernon Supp.2002). It then notes that, "[a] person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter." *See* Tex. Gov't Code Ann. § 2001.171 (Vernon 2000). Thus, its holds that, because Mega exhausted all administrative remedies, it was entitled to judicial review.

However, the Austin Court of Appeals has consistently held that section 2001.171 is "a procedural provision that does not confer subject matter jurisdiction on a district court" to entertain a "petition for judicial review unless review is authorized under the agency's enabling legislation or another statutory provision." *Carrizales v. Texas Dep't of Protective & Regulatory Servs.*, 5 S.W.3d 922, 924 (Tex.App.—Austin 1999, pet. denied); *P.R.I.D.E. v. Texas Worker's Compensation Comm'n*, 950 S.W.2d 175, 180 (Tex.App.—Austin 1997, no writ); *Texas Dep't of Transp. v. T. Brown Constructors, Inc.*, 947 S.W.2d 655, 658 (Tex.App.—Austin 1997, writ denied); *Firemen's Pension Comm'n v. Jones*, 939 S.W.2d 730, 732–33 (Tex.App.—Austin

1997, no writ); *Foy*, 896 S.W.2d at 316; *S.C. San Antonio, Inc. v. Texas Dep't of Human Servs.*, 891 S.W.2d 773, 776 (Tex. App.—Austin 1995, writ denied). In *Foy*, the Court reasoned as follows:

> Notwithstanding the generality of section 2001.171, the legislature intended the judicial review provisions of the APA to be procedural only; they do not create a right to judicial review where the right does not exist by reason of another statute specifically granting the right. . . . *The reason is almost self-evident. State agencies do many things; they make many different kinds of decisions.* These usually affect to some extent a person's "legal right," and the agencies may chose to take these actions only after trial-type procedures similar to "contested case" procedures required by the APA in sections 2001.001–.147. *A theory that APA section 2001.171 entitles all persons "aggrieved" to "judicial review" in each instance "invites potentially serious consequences by ushering an unknown and indeterminate number of agency proceedings into the contested case category," and thus into the reviewing courts*, even in such administrative controversies as the taking away of "good time" from thousands of state prisoners.

*Foy*, 896 S.W.2d at 316 (citations omitted) (emphasis added).

In *Carrizales*, the TDPRS determined that Carrizales, an administrative officer at a hospital, was guilty of the neglect of a child at the hospital. As a consequence, his name was entered in a central registry designed to identify, for prospective employers, anyone who has neglected or abused a child. Carrizales appealed the decision to SOAH. After a hearing, an administrative law judge of the SOAH upheld TDPRS's finding of neglect. Carrizales then filed a petition in the district

court seeking judicial review of the administrative law judge's order. *Carrizales*, 5 S.W.3d at 923–24.

The Court of Appeals held that there was "no statutory law affording an aggrieved party judicial review of a SOAH ruling under these circumstances." *Id.* at 924. It reasoned as follows:

> The Texas Family Law Code authorizes [TDPRS] to conduct investigations and make determinations in reported cases of abuse or neglect of children. If the name of a person found to have committed neglect of a child is placed in the central registry governing future employment with children, then that individual is entitled to a SOAH hearing before his name may be released. Pursuant to that authority, the hearing is held before an administrative law judge of the SOAH, and the ALJ, after hearing evidence, makes findings of fact and conclusions of law and issues a *final* order. *There is no provision for judicial review of the ALJ's order.*

*Id.* (citations omitted) (emphasis added).

We should agree with the reasoning, and follow the precedent, of *Carrizales* and hold that Mega does not have a statutory right to judicial review under these circumstances. This would be consistent with our objective in construing a statute—to determine and give effect to the Legislature's intent. *See Continental,* 19 S.W.3d at 398. Here, as noted above, the Legislature amended the Human Resources Code to provide for appeals of such TDPRS decisions to SOAH, and it specifically repealed the portion of section 42.072 allowing judicial review.

Thus, we should overrule Mega's first issue.[4]

## Constitutional Right to Judicial Review

Overruling the first issue would require us to address Mega's second and third issues, in which it contends that TDPRS's decision to revoke its license adversely affected its property rights, and, therefore, it has a constitutional right to judicial review. *See* TEX. CONST. art. I § 19. Mega correctly states that there exists an inherent, constitutional right to judicial review when an agency decision affects a vested property interest. *See Continental,* 19 S.W.3d at 397.

However, in the district court, Mega relied solely on its statutory arguments as a basis for judicial review. There is no indication Mega ever claimed it had an inherent, constitutional right to judicial review. When, as in this case, a constitutional claim is not properly raised in the trial court, any error is waived on appeal. *Continental,* 19 S.W.3d at 404–05; *Dreyer v. Greene,* 871 S.W.2d 697, 698 (Tex.1993); *Carrizales,* 5 S.W.3d at 924; *In re K.C.M.,* 4 S.W.3d 392, 394 (Tex.App.—Houston [1st Dist.] 1999, pet. denied); *Segovia v. Texas Dep't of Protective & Regulatory Servs.,* 979 S.W.2d 785, 788 (Tex.App.—Houston [14th Dist.] 1998, pet. denied).

Thus, we should also overrule Mega's second and third issues.

## Conclusion

Mindful that there is no right to judicial review of an administrative order unless a statute provides a right or unless the order adversely affects a vested property right or otherwise violates a constitutional right, I would follow the reasoning and precedent of *Carrizales* and hold that Mega does not have a statutory right to judicial review of the revocation of its child-care license. I would further hold that Mega

---

4. This would make it unnecessary for us to address Mega's fourth issue, in which it con- tends that it timely filed a motion for rehearing with TDPRS.

waived its argument that it has a constitutional right to judicial review. I would affirm the trial court's order granting TDPRS's plea to the jurisdiction.

Accordingly, I respectfully dissent.