

In The

# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00159-CV

---

FELICIA BROWN, APPELLANT

V.

ELYSIUM GRAND APARTMENTS, APPELLEE

---

On Appeal from the County Court at Law No. One
Travis County, Texas
Trial Court No. C-1-CV-22-004098, Honorable Eric Sheppard, Presiding

---

December 8, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Felicia Brown, proceeding pro se, challenges a judgment of eviction granted in favor of Appellee, Elysium Grand Apartments ("Elysium"). She raises the following issues on appeal: (1) sufficiency of the evidence supporting the award of possession of the premises; (2) sufficiency of the evidence supporting the award of unpaid rent; (3) conduct of Elysium, the trial clerk, and the county clerk during the pendency of the trial; (4) exclusion of evidence of retaliation by the trial court; (5) the

timeliness of Elysium's bill of exception; (6) a claim of "abuse of process"; and (7) Elysium's right to recover attorney's fees as the prevailing party. We affirm.[1]

During the pendency of this appeal, Brown also filed a motion for sanctions and a petition for writ of mandamus seeking relief from a temporary injunction order entered in a separate matter. We deny both the motion for sanctions and her petition for the reasons stated below.

## BACKGROUND

We recite only those facts relevant to the disposition of this appeal. TEX. R. APP. P. 47.1. Felicia Brown, as tenant, entered into an agreement with Elysium, as landlord, to lease a residential apartment in Austin, Texas. The initial term of the lease at issue began on November 1, 2021, and ended on October 31, 2022.[2] By December 2021, Brown fell behind in her rent payments and, despite receiving some rental assistance, was unable to cure her default.

On August 8, 2022, Elysium gave a notice of proposed eviction to Brown which gave her twenty-eight days to cure the default. Brown did not make any additional payments of rent during the twenty-eight days following the delivery of the notice.

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the Third Court of Appeals. TEX. R. APP. P. 41.3.

[2] Brown has lived in the apartment complex since 2020 under prior leases which are not relevant to this appeal.

On September 6, 2022, Elysium delivered a notice to vacate by affixing the notice to the front of Brown's apartment door in a sealed envelope and mailing a copy of the notice by regular mail on the same day.[3]  The notice to vacate also stated Elysium elected to terminate Brown's right to possess and occupy the apartment.  Brown did not make any additional payments after receiving the notice to vacate, and Elysium filed its suit for eviction and unpaid rent on September 13, 2022.  On October 2, 2022, the justice court heard the eviction suit and rendered judgment in favor of Elysium.  Brown appealed to the county court at law for a trial de novo.  At the conclusion of the trial de novo in early 2023, the county court rendered judgment in favor of Elysium, awarding it possession of the leased premises, rent in the amount of $10,503.75, and attorney's fees in the amount of $14,190.50.  This appeal followed.

## STANDARD OF REVIEW

A legal and factual sufficiency challenge to a bench trial verdict is reviewed under the same standards as a jury verdict.  *Anderson v. Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991).  When both legal and factual sufficiency challenges are raised on appeal, the reviewing court must first examine the legal sufficiency of the evidence.  *See Glover v. Tex. Gen. Indemnity Co.*, 619 S.W.2d 400, 401 (Tex. 1981).  Ordinarily, a court of appeals will not address the factual sufficiency of the evidence if it determines the evidence is legally insufficient.  *Windrum v. Kareh*, 581 S.W.3d 761, 781 (Tex. 2019) (citations omitted).  A party challenging the legal sufficiency of an adverse finding on an

---

[3] The lease automatically renewed unless either party provided notice sixty days before the end of the lease term, which Elysium did on August 17, 2022.  However, because the lease also states a notice to vacate constitutes a termination of Brown's right to possession, which was delivered prior to the end of the lease term, the notice of nonrenewal and termination is irrelevant to the eviction proceeding.

3

issue on which it did not have the burden of proof must demonstrate that there is no evidence to support the adverse finding. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 215 (Tex. 2011).

Evidence is legally sufficient if it "would enable reasonable and fair-minded people to reach the verdict under review." *Id.* (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). In conducting a legal sufficiency review, we must consider the evidence in the light most favorable to the verdict and indulge ever reasonable inference that supports the verdict. *City of Keller*, 168 S.W.3d at 821–22. The reviewing court may not substitute its judgment for that of the trier of fact, so long as the evidence falls within the zone of reasonable disagreement. *Id.* at 822. But if the evidence allows only one inference, neither the trier of fact nor the reviewing court may disregard it. *Id.* Evidence is legally insufficient "when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact." *Bustamante ex rel. D.B. v. Ponte*, 529 S.W.3d 447, 455–56 (Tex. 2017) (quoting *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 613 (Tex. 2016)). When considering a factual-sufficiency challenge, we consider all the evidence and set aside the judgment only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *J.P. Morgan Chase Bank, N.A. v. Tex. Contract Carpet, Inc.*, 302 S.W.3d 515, 524 (Tex. App.—Austin 2009, no pet.).

**ANALYSIS**

### Sufficiency of the Evidence of Right to Possession

Brown's first issue challenges the sufficiency of the evidence supporting the trial court's judgment of possession in favor of Elysium.[4] To prevail in a forcible detainer action, the plaintiff has the burden to prove (1) a superior right to possession of the property; (2) the occupant's right of possession has been terminated; (3) the plaintiff delivered a notice to vacate to the occupant before filing suit; and (4) the occupant refused to surrender possession. *Samarripa v. Related Mgmt.*, No. 03-22-00070-CV, 2023 Tex. App. LEXIS 6281, at *3 (Tex. App.—Austin Aug. 17, 2023, no pet.) (mem. op.) (citing TEX. PROP. CODE ANN. § 24.002; *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017)). "Because forcible detainer is a statutory cause of action, a landlord must strictly comply with [the statutory] requirements." *Id.* (quoting *Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.)).

---

[4] Brown specifically complains the evidence is insufficient as follows:

- no evidence the notice to vacate was actually received by Brown;

- no evidence of a second notice to vacate was delivered prior to the institution of the de novo appeal to the county court at law;

- a notice of non-renewal and termination of the lease was delivered prior to the expiration of the twenty-eight days given in the notice of proposed eviction;

- no evidence the alternative method of delivery of the notice to vacate was authorized by statute; and

- Elysium did not follow the statutory procedures for a forcible detainer action rather than a forcible entry and detainer action.

Brown contends Elysium could not prevail on its forcible detainer action as a matter of law because it failed to properly deliver the notice to vacate. In support of her argument, she points to the fact the lease deems a notice to vacate sent by regular mail delivered "3 days after the notice is deposited in the U.S. Postal Service with postage." Brown argues because there is no evidence of when she received the notice to vacate, the notice mailed on September 6, 2022, was deemed delivered by September 9, and the notice should have stated a deadline to vacate three days later on September 12. Because the notice instead stated a vacate date of September 9, she concludes the notice was ineffective and did not meet the statutory requirements.

Brown's argument is misplaced. The forcible detainer statute requires the landlord provide "at least three days' written notice to vacate the premises before the landlord files a forcible detainer suit, unless the parties have contracted for a shorter or longer notice period in a written lease or agreement." § 24.005(a). The statute does not require the notice to vacate contain a deadline to vacate the premises, only that the landlord wait the statutorily required time before filing suit. In this case, the parties contracted for a shorter notice period: the lease states "we may end your right of occupancy by giving you at least a 24-hour written notice to vacate." Thus, Elysium had to wait only one day to file suit after delivering the notice to vacate. *Id.* Elysium waited three days to file its suit for eviction on September 13, 2022, making the notice to vacate effective. The evidence was legally sufficient to show Elysium complied with the requirements of the forcible detainer statute. *Cf. Blessing v. Balderas*, No. 03-22-00613-CV, 2023 Tex. App. LEXIS 1243, at *4 (Tex. App.—Austin Feb. 28, 2023, no pet.) (mem. op.) (landlord's failure to

6

serve notice to vacate under procedures either in statute or in lease made the notice ineffective).

Brown also contends Elysium failed to follow the notice procedures by not delivering a second notice to vacate prior to the institution of the trial de novo in the county court. Her understanding of the nature of the "eviction suit" in the justice court and the "forcible detainer" trial de novo in the county court is mistaken. The "eviction suit" in the justice court is the same action as the "forcible detainer" action under Chapter 24 of the Texas Property Code, and the justice court applies its procedures in an "eviction suit" pursuant to the forcible detainer statute. § 24.004(a)(". . . a justice court in the precinct in which the real property is located has jurisdiction in eviction suits."); TEX. R. CIV. P. 510.1 ("Rule 510 applies to a lawsuit to recover possession of real property under Chapter 24 of the Texas Property Code."). Also, the forcible detainer statute does not require a second notice to be delivered when the matter is appealed from the justice court to the county court. *See* TEX. PROP. CODE ANN. § 24.001 et seq.; TEX. R. CIV. P. 510.09, 510.10. Elysium was not required to provide a second notice to vacate when the matter was appealed by Brown to the county court at law. Accordingly, her first issue is overruled.

### *Sufficiency of the Evidence of Rent Owed*

For her second issue, Brown challenges the sufficiency of the evidence of unpaid rent awarded. She asserts in 2021 Elysium illegally charged her for water, fees, increased her rent, and misapplied rent relief payments. She also claims she had a credit of $753.54 for the month of December 2021 before the rent was due. Regarding the legality and propriety of the charges in 2021, there is no evidence in the record to support Brown's

7

assertions. While she references several addendums and contracts Elysium allegedly entered under federal and state affordable housing programs, no contract appears in the record demonstrating the lease was subject to additional rules and regulations. Further, Elysium stipulated to the trial court it only sought recovery of monthly unpaid rent of $1,141.00 per month stated in the lease, and waived all other charges, including fees and utilities. Thus, the additional charges complained of were not at issue. We may not surmise what evidence would support Brown's claims regarding the propriety of Elysium's charges in 2021, and, without any contradicting evidence, we presume the charges by Elysium were correct and justified. *United Rentals N. Am., Inc. v. Evans*, 668 S.W.3d 627, 640 (Tex. 2023) (". . . all the record evidence must be considered in the light most favorable to the party in whose favor the verdict has been rendered."). We overrule Brown's second issue.

### Trial Court Complaints

Brown's next issue identifies the following complaints about the proceedings at the county court at law:

- her filings were rejected by the trial court clerk;

- the county clerk made errors with her trial brief filing;

- Elysium's lead counsel failed to inform her the evidence she emailed to him was blank;

- Elysium's associate counsel e-filed its second amended petition while lead counsel signed the body of the pleading; the second amended petition also did not have attached to it Elysium's exhibit number 9, which was presented at trial;

8

- Elysium's property manager gave false testimony regarding repair efforts in 2021;

- Elysium's exhibit 8 from the trial and a letter from Elysium to the trial court are not part of the record; and

- Elysium altered exhibit 9 before offering it into evidence.

To preserve these issues for appeal, however, Brown was required to make a timely request, objection, or motion regarding these issues and permit the court to rule upon her request, objection, or motion. TEX. R. APP. P. 33.1. We do not find in the record where she made any request, objection, or motion regarding the above complaints to the trial court. Brown failed to preserve these complaints for review, and we may not consider them on appeal. Her third issue is overruled.

### *Evidence of Retaliation*

Brown's fourth issue complains her evidence regarding retaliation was excluded while Elysium's defensive evidence regarding retaliation was admitted. However, as defined by statute, an eviction suit filed after providing a notice to vacate for nonpayment of rent is per se not retaliation. TEX. PROP. CODE ANN. § 92.332(b). Because we have already concluded Elysium met its burden to prove rightful possession to the apartment due to Brown's failure to pay rent, Elysium as a matter of law did not retaliate against Brown by filing its lawsuit for eviction. As a result, the issue of admission or exclusion of evidence relevant to her retaliation defense is moot. Brown's fourth issue is overruled.

9

### Bill of Exception

In her fifth issue, Brown complains Elysium was permitted to make a bill of exception after the permitted deadline. A matter which otherwise would not appear in the record may be preserved and introduced into the record through a formal bill of exception. TEX. R. APP. P. 33.2. A party must file the bill of exception within thirty days of the filing of the notice of appeal. TEX. R. APP. P. 33.2(e)(1). Brown filed her notice of appeal on March 28, 2023, making the deadline to file a bill of exception April 27, 2023. The record reveals Elysium filed its bill of exception on April 27, 2023, and therefore its filing was timely. Brown's issue number five is overruled.

### Abuse of Process

Brown's sixth issue claims Elysium engaged in "abuse of process." "Abuse of process" is a cause of action which can be raised as a claim or a counterclaim. *See generally Warner Bros. Entm't, Inc. v. Jones*, 538 S.W.3d 781, 815–16 (Tex. App.—Austin 2017), *aff'd*, 611 S.W.3d 1 (Tex. 2020). However, the only issue permitted to be litigated in a forcible detainer action is the right to possession of the property in question. TEX. R. CIV. P. 510.3(e); *Eckman v. Northgate Terrace Apartments, LLC*, No. 03-18-00254-CV, 2018 Tex. App. LEXIS 4794, at *13 (Tex. App.—Austin June 28, 2018, pet. denied) (mem. op.). No counterclaims are permitted in an eviction suit, and they may only be brought in a separate proceeding. *Id.* Brown also did not bring her abuse of process claim in the trial court, and she is not permitted to raise it for the first time on appeal. TEX. R. APP. P. 33.1; *Hatch v. Univ. of Tex. at Austin*, No. 03-22-00489-CV, 2023 Tex. App. LEXIS 6780, at *4 (Tex. App.—Austin Aug. 30, 2023, no pet.) (mem. op.); *Carrizales v. Tex. Dep't of*

10

*Protective & Regulatory Servs.*, 5 S.W.3d 922, 925 (Tex. App.—Austin 1999, pet. denied). Her sixth issue is overruled.

### *Elysium's Right to Recover Attorney's Fees*

Brown's last issue challenges Elysium's right to attorney's fees. She argues because Elysium did not strictly adhere to the statutory requirements for providing the notice to vacate, it did not prevail in the underlying eviction suit as a matter of law and was not entitled to recover attorney's fees. TEX. PROP. CODE ANN. § 24.006(b). As we discussed above, the record demonstrates Elysium properly delivered the notice to vacate as required by statute and thus sufficiently proved its right to possession of the premises. Accordingly, Elysium, as the prevailing party, was entitled to recover its attorney's fees. *Id.* We overrule Brown's seventh issue.

### *Motion for Sanctions and Petition for Writ of Mandamus*

Finally, during the pendency of this appeal, Brown filed a motion for sanctions and a petition for writ of mandamus. Regarding her motion for sanctions, Brown's motion mirrors the complaints in her third issue of conduct which occurred during the trial court proceedings. The record does not contain a motion for sanctions filed by Brown with the trial court. By failing to file a motion for sanctions in the trial court when the complained of conduct occurred, she waived her right to seek sanctions, and she is not permitted to bring the motion for the first time on appeal. TEX. R. APP. P. 33.1; *Meyer v. Cathey*, 167 S.W.3d 327, 333 (Tex. 2005) (post-trial sanctions may not be awarded based on pretrial conduct). We deny her motion for sanctions.

11

Regarding her petition for writ of mandamus, Brown seeks relief from a temporary injunction granted in favor of Elysium in a new case in county court. However, the petition does not contain a copy of the order complained of or a reporter's record of the proceeding from which the order was issued. Mandamus relief is appropriate when a petitioner demonstrates a clear abuse of discretion and has no adequate remedy by appeal. *In re Geomet Recycling, LLC*, 578 S.W.3d 82, 91 (Tex. 2019) (citations omitted). On the mandamus record before us we cannot determine whether the trial court abused its discretion, and Brown has failed to demonstrate her right to mandamus relief. Accordingly, we deny her petition for mandamus.

## CONCLUSION

We affirm the judgment of the trial court. We deny Brown's motion for sanctions, and we deny her petition for writ of mandamus.

Alex Yarbrough
Justice

12